■ THOMAS H. SACKETT, Appellant, v. JOHN L. O'BRIEN et al., Respondents, et al., Defendant.—Judgment unanimously modified on the law and facts in accordance with the memorandum, and as modified affirmed, without costs of this appeal to any party. Inconsistent findings of fact disapproved and reversed and new findings made. Memorandum: In this action to quiet title to a strip of land 30 feet wide running across Lots 17 through 23 of the Forest Lawn Tract in the Town of Webster, New York, plaintiff contends that he owns an easement for access over the strip to his house on Lot 24, or in the alternative, title in fee. Defendants claim title by adverse possession to the strip passing over Lots 17 through 22. In May of 1889, the original subdivider conveyed a rectangular 100-foot parcel, constituting part of the southerly portion of Lots 17 through 23, to a railroad and reserved a 30-foot easement for roadway purposes. The May, 1889 conveyance was subject to a covenant in the April, 1889 deed to the subdivider which provided that all future owners of lots in the subdivision should have the right to use of a roadway as laid out on a filed map. This easemnt is the basis of an equitable solution to problems raised by a confusing record. Plaintiff acquired record title to the strip from the railroad. The defendants John O'Brien and wife own Lot 17 and Thomas O'Brien and wife own Lots 18 through 22, having acquired title in a direct line from the original subdivider. The controversy involves not only plaintiff's use of the 30-foot strip in planting trees and by various other incidents of possession, including access to his house on Lot 24, but also defendants' use by sundry activities attendant upon occupation of their cottages on Lots 17 and 19. The trial court found that plaintiff and defendants had abandoned this strip as a roadway. However, nonuse of an easement created by grant or reservation is not equivalent to abandonment (*Gerbig* v. *Zumpano,* 7 N Y 2d 327; 17 N. Y. Jur., Easements and Licenses, § 111). Furthermore, that portion of the strip used by defendants in conformity with the easement was not acquired by adverse possession. The use of property consonant with an easement cannot convert such use into adverse possession without actual or constructive notice of the change (2 C. J. S., Adverse Possession, § 89, p. 646; *Matter of City of New York* [*Harlem Riv. Drive*], 307 N. Y. 447, 455). Each lot must be considered individually. Adverse possession under written claim of title, even though there is only partial possession, may be equivalent to constructive possession of the whole (Real Property Actions and Proceedings Law, §§ 511-512), while adverse possession under claim of title not written may only attach to land actually occupied (Real Property Actions and Proceedings Law, § 521). There was no adverse use of the 30-foot strip over Lot 22, just as the trial court determined as to Lot 23, so title to that is in plaintiff. Lots 21 through 19 have been acquired by defendants by adverse possession under written claim of title, with an easement for access to the plaintiff. Lot 18 was not used by defendants in any way inconsistent with their easement for roadway purposes and thus title remains in plaintiff, with an easement for access to the defendants. The northerly half of the strip

over Lot 17, as established by the hedgerow, has been acquired adversely by the defendants under claim of title not written but the southerly half was used in a manner consistent with the easement, and accordingly, defendants did not acquire title by adverse possession to that portion, but have an easement for access over the southerly portion. In all instances, the easement for access must be used in such manner as to afford convenient passage over a route of such reasonable dimensions that unnecessary interference with the use of each owner's property will be precluded and there need be no destruction of existing improvements. (Appeal from judgment of Monroe Trial Term, in an action under Real Property Law, art. 15, to quiet title.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ. [43 Misc 2d 476.]