■ RICHARD D. JACOBSEN et al., Appellants, v ALLEN A. HILLS, Respondent. — Appeal from that part of an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered April 21, 1983 in Schenectady County, which struck the note of issue as it applied to defendant and denied plaintiffs' cross motion to consolidate this action with two other pending actions. ¶ Pursuant to a complaint initiated by Effie J. Sadowsky, a defendant in one of the two actions that plaintiffs seek to merge with this one, defendant, State Trooper Allen A. Hills, arrested plaintiffs on July 14, 1980. They were charged with criminal mischief in the fourth degree for having allegedly set fire to a boat and bridge owned by Sadowsky. Plaintiffs were brought before the Malta Town Justice on July 17, 1980 at which time the charges were dismissed. Plaintiffs subsequently instituted three separate actions against (1) Trooper Hills, defendant herein, (2) complainant Sadowsky, and (3) James J. Sadowsky and Eva J. Stomski, co-owners of the property upon which the alleged criminal mischief occurred. All three complaints stated causes of action sounding in false arrest and malicious prosecution. A single note of issue was ultimately filed by plaintiffs, precipitating defendant's motion to strike the note of issue as it pertained to him. Plaintiffs then cross-moved for consolidation of the three actions. Special Term granted defendant's motion to strike the note of issue as to him. It partially granted plaintiff's motion by consolidating the actions against property owners Sadowsky and Stomski with that of complainant Sadowsky, but denied plaintiffs' request to consolidate therewith the action against defendant. This appeal ensued. ¶ The sole issue raised on this appeal is whether Special Term abused its discretion in refusing to consolidate plaintiffs' case against defendant with the other two pending actions. We hold that it did not. While CPLR 602 (subd [a]) provides that actions "involving a common question of law or fact" may be consolidated by court order, such consolidation is inappropriate where the cases involve different factual issues (*Gibbons v Groat,* 22 AD2d 996, 997). ¶ Plaintiffs' actions against the complainant and property owners, now consolidated, involve factual issues which are distinct from those involved in the case against defendant. As to the false arrest cause of action, the case against the complainant and property owners would involve, *inter alia,* the question of whether they had actively requested the officer to arrest plaintiffs, who had committed no offense (22 NY Jur, False Imprisonment, § 29, p 449). On the other hand, the case for false arrest against defendant would turn on the question of whether he had "reasonable cause", based on this information and his own investigation to make a warrantless arrest of plaintiffs (see *Smith v County of Nassau,* 34 NY2d 18, 23). As was held in *Toenis v Hommel* (59 AD2d 1000, 1000-1001), "We must distinguish

between the liability of [the complaining] victim as opposed to the liability of the arresting authority." ¶ Similarly, as to the malicious prosecution cause of action, different issues of fact must be resolved against the two sets of defendants to establish the liability of each. The elements of a malicious prosecution cause of action are (1) the initiation of the proceeding, (2) its termination favorably to the plaintiff, (3) lack of probable cause, and (4) malice (*Colon v City of New York,* 60 NY2d 78, 82). Obviously, the focus of the factual inquiry to determine liability on the part of the complainant and property owners will be on their acts, awareness and motives in making the complaint to the arresting officer. The issue of defendant's liability, on the other hand, will turn on an examination of his conduct, awareness and motive *following* the making of the complaint. ¶ While it may indeed be true that, in each action, evidence will be introduced regarding plaintiffs' arrest and the ultimate dismissal of the charges, those facts are essentially uncontroverted. The legal and factual issues on which the respective liabilities of the two sets of defendants will actually be determined are significantly, albeit subtly, distinct. In view of these differences in issues presented in the two cases, and the potential for confusion on the part of a lay jury in resolving them in a single trial, we cannot say that Special Term's denial of consolidation constituted an abuse of discretion. ¶ Order affirmed, without costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.