■ Sally Foronda et al., Appellants, v Margaret Craven, Respondent, et al., Defendant. — Mahoney, P. J. Appeals (1) from a judgment of the Supreme Court in favor of defendant Margaret Craven, entered March 1, 1984 in Albany County, upon a verdict rendered at Trial Term (Conway, J.), and (2) from an order of said court, entered March 16, 1984 in Albany County, which denied plaintiffs' motion to set aside the verdict.

On October 23, 1978, Sally Foronda (hereinafter plaintiff) was admitted to Child's Hospital for the purpose of undergoing the surgical procedure of a tubal ligation. The operation was to be performed by Dr. Margaret Craven. During the course of the surgery, the inferior epigastric artery was unintentionally ruptured. Dr. Craven then performed a laparotomy to stop the bleeding. As a result, plaintiff was hospitalized for about one

week. Also, the laparotomy required an abdominal incision which left a 7½ to 8-inch scar. The tubal ligation would have resulted in a one-day hospital stay and two extremely small abdominal scars.

Plaintiff and her husband commenced this medical malpractice action against Dr. Craven and Child's Hospital. The action as against the hospital was dismissed. A medical malpractice panel unanimously recommended that Dr. Craven was not liable for malpractice. After a trial, the jury returned a verdict of no cause of action in favor of Dr. Craven. Plaintiffs' motion for a new trial was denied. Plaintiffs appeal from the judgment entered on the verdict and the order denying their posttrial motion.

We reject plaintiffs' contention that the verdict was against the weight of the evidence. One step in a tubal ligation involves the insertion of a device through a small incision in the abdomen. Even using proper procedures, it is impossible to know for sure whether the inserted device will strike a blood vessel. Plaintiffs offered the testimony of an expert witness that the inferior epigastric artery is always located in the same position in each person and that the device was negligently inserted. However, the defense offered expert medical testimony that the position of the inferior epigastric artery does vary in individuals and that the device was not negligently inserted. Also before the jury was the unanimous report of the medical malpractice panel. It was for the jury to resolve the conflicting medical testimony (*Taype v City of New York,* 82 AD2d 648, 650-651, *lv denied* 55 NY2d 608). Apparently, the jury chose to credit the testimony of the defense witnesses and not that of plaintiffs' witness. The testimony of the defense witnesses clearly supports the verdict. Therefore, it cannot be said that the verdict is against the weight of the evidence.

We have considered the other contentions advanced by plaintiffs and find them without merit.

Judgment and order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ.