■ EDMOND FORTIN, Appellant, v FREDERICK J. MARRA, Respondent.—Harvey, J. Appeal from a judgment of the Supreme Court in favor of defendant, entered October 18, 1984 in Albany County, upon a verdict rendered at Trial Term (Conway, J.).

This is a dental malpractice case. On August 9, 1983, plaintiff was a patient of defendant who extracted his second lower left molar. During the course of that extraction, plaintiff aspirated a portion of a root tip. The jury determined that the aspiration of the root tip was not due to the negligence of defendant, giving rise to this appeal by plaintiff.

The essential facts are that during the extraction of the tooth, a portion broke off leaving a root tip imbedded in bone. In the process of extracting the root tip, the dentist dislodged the tip which fell into plaintiff's mouth and was aspirated. During the entire procedure, plaintiff was in the chair reclining at a 45-degree angle. An instrument providing for continuous high-speed suction was in plaintiff's mouth when the root tip dislodged and was aspirated.

The trial was primarily a contest of experts. Plaintiff's expert, obtained through the Technical Advisory Service for Attorneys, testified that the procedures used by defendant in extracting plaintiff's tooth were deficient primarily because he did not use an oral pharyngeal drape (a 2-inch by 2-inch gauze pad placed in the posterior portion of the mouth during the course of a dental procedure). He also suggested that the tooth should have been immobilized while it was being severed from the remaining gingival tissue.

Defendant's expert was a specialist in the field of oral and maxillofacial surgery. He testified that the procedures used by defendant in the extraction were completely in accord with the proper standard of care. He stated that the pharyngeal drape was not proper when performing a closed extraction

with local anesthesia and was capable of causing serious injury. He testified that the accepted standard procedure in this type of extraction was the use of a high-speed suction device as was used by defendant.

We conclude that the case was properly presented to a jury with clear instructions and, consequently, it was for the jury to resolve the conflicting expert testimony *(Foronda v Craven,* 108 AD2d 956). When a plaintiff challenges an unfavorable verdict on the ground that it is against the weight of evidence, " 'the motion should not be granted unless the evidence preponderated so greatly in plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence' " *(Tannenbaum v Mandell,* 51 AD2d 593; *lv denied* 39 NY2d 709, quoting *Pertofsky v Drucks,* 16 AD2d 690; *see, Slocum v Solomon,* 84 AD2d 946, *lv denied* 56 NY2d 503; *Fidler v Rowe,* 54 AD2d 1013, *lv denied* 41 NY2d 802). In our view, there was sufficient evidence to entitle the jury to conclude that the accident did not result from negligence on the part of defendant.

Judgment affirmed, with costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.