(May 15, 1986)

■ SUE G. ROWE, Respondent, v BOARD OF EDUCATION OF THE CHATHAM CENTRAL SCHOOL DISTRICT, Appellant. (And a Third-Party Action.)—Mikoll, J. Appeal from an order of the Supreme Court, entered November 23, 1984 in Columbia County, which set aside a verdict in favor of defendant rendered at Trial Term (Connor, J.), and granted a new trial.

On June 8, 1980, plaintiff sustained injuries when she fell in

the cafeteria of the Chatham Central School District Middle School located in the Village of Chatham, Columbia County. Plaintiff sued defendant for negligence in allowing mud and water to accumulate on the floor of the cafeteria, making it dangerously slippery, and in failing to provide rain mats at one of the doors leading to the cafeteria. Defendant impleaded the Chatham Central Teachers' Association (Association), alleging that the Association was in control of the cafeteria in question on the day plaintiff sustained her injuries and that the injuries were in fact caused by the Association's negligence.

After trial, the jury returned a verdict of no cause for action in favor of both defendant and the Association. Plaintiff thereupon made a motion pursuant to CPLR 4404 (a) to set aside the verdict as being contrary to the weight of evidence. Special Term granted the motion and ordered a retrial of the action. In its written decision, the court cited to evidence adduced at trial which showed that there was an accumulation of mud and water on the cafeteria floor where plaintiff fell and that defendant had failed to provide janitorial services for cleanup. Defendant has appealed.

When a plaintiff challenges an unfavorable verdict on the ground that it is against the weight of evidence, the motion should not be granted unless a preponderance of the evidence is so greatly in the plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence *(Fortin v Marra,* 116 AD2d 786; *Blakeslee v Lubell,* 66 AD2d 958). A court has no right to invade the province of the jury unless "no reasonable [person] would solve the litigation in the way the jury has chosen to do" *(Rapant v Ogsbury,* 279 App Div 298, 299).

The testimony at trial disclosed that plaintiff had volunteered to work at a fund raising event, called a "tag day", on behalf of the Association. The Association had secured permission from defendant to hold the event on the grounds of the Chatham Central School District Middle School and, in case of rain, in the school cafeteria. It rained intermittently that day and the "tag day" sale was set up in the cafeteria. Entry to the premises was through the school's front door. There was an emergency fire door in the cafeteria as well. Sometime during the day, the volunteer workers and the public attending the function commenced using this emergency entrance. No rain mats were provided at this door. Neither was any cleanup service provided by either defendant or the Association. Defendant had regulations regarding cleanup and the

testimony indicated that the Association undertook to provide the cleanup.

There was conflicting evidence presented as to the condition of the cafeteria floor where plaintiff fell. According to plaintiff and another witness, the floor where plaintiff fell was wet and had mud prints on it from people tracking it in from the fire exit door located nearby. Plaintiff did not know what caused her to fall but she was aware that her clothes were damp after her fall. Other witnesses who came to plaintiff's assistance after her fall, testified that the floor around plaintiff was free and clear and that there was no water on it. One witness for plaintiff ascribed the fall to plaintiff's right foot slipping out from under her. Neither that witness nor another witness called by the Association recalled any accumulation of water or mud on the floor where plaintiff fell.

In our view, it was not against the weight of the evidence for the jury to conclude that plaintiff's accident was not attributable to any negligence on the part of defendant or the Association. The charge was fair, complete and properly presented to the jury. It was for the jury to resolve the conflicting testimony. Accordingly, it was error for Special Term to set aside the verdict in this case and grant a new trial.

Order reversed, without costs, and verdict reinstated. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.