■ JOEL CANONICO, Appellant, v ERIN HAYES, Defendant, and ALLEN W. RYDINSKY, Respondent.—Main, J. Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered April 2, 1986 in Rensselaer County, which granted defendant Allen W. Rydinsky's motion for summary judgment dismissing the complaint against him.

On March 30, 1984, defendant Erin Hayes, a student at Hoosick Valley High School in Rensselaer County, informed

---

* The extent to which this common-law rule is now gender neutral is not in issue on this appeal.

defendant Allen W. Rydinsky, the high school principal, that another student had told her that plaintiff had brought "hard" drugs to school. The record in this case reveals that Hayes and plaintiff were not particularly friendly, in light of the fact that plaintiff previously had been responsible for the arrest of Hayes' boyfriend in Albany County, and Rydinsky was aware of the strained relationship. Later that day, Rydinsky saw plaintiff outside the school building with a white packet of paper in his hand. Plaintiff told Rydinsky that the packet, which contained a white powdery substance, was not his, and he handed the packet to Rydinsky. Rydinsky later called the police, who picked up the packet. The substance in the packet proved to be cocaine, and on April 19, 1984, plaintiff was summoned from a class at the high school and arrested. Plaintiff, a high school senior, ultimately was suspended from school for the remainder of the school year. Although he was tutored at home and permitted to take his final examinations, he was not permitted to attend graduation or participate in extracurricular activities.

In January 1985, Hayes admitted that she had planted the cocaine packet in plaintiff's jacket and then told Rydinsky of plaintiff's possession of drugs. As a result, the criminal charges against plaintiff were dropped. Plaintiff then commenced this action against Hayes and Rydinsky. The one cause of action against Rydinsky alleged that Rydinsky failed to reasonably investigate the incident and failed to inform the police of all the circumstances surrounding the finding of the cocaine. After answering and participating in discovery, Rydinsky moved for summary judgment on the basis that the complaint failed to state a cause of action against him. Finding that plaintiff's complaint stated a cause of action against Rydinsky for negligent investigation and that no such cause of action exists in New York (cf., Jestic v Long Is. Sav. Bank, 81 AD2d 255), Special Term granted Rydinsky's motion.

On this appeal, plaintiff contends that, in fact, the cause of action he alleged against Rydinsky was not one for negligent investigation, but was one for malicious prosecution and should not have been dismissed. In order to state a claim for malicious prosecution, a plaintiff must allege that a prosecution was instituted with malice and without probable cause to believe it could succeed and that the prosecution ultimately terminated in plaintiff's favor (see, Colon v City of New York, 60 NY2d 78, 82; Jacobsen v Hills, 101 AD2d 980, 981). Under this standard, we concur with Special Term that the complaint, on its face, does not state a claim for malicious prose-

cution. The clear import of the complaint as against Rydinsky is that he was negligent in the handling of this matter. Were this motion a motion to dismiss pursuant to CPLR 3211 (a) (7), therefore, we would be compelled to dismiss for failure to state a cause of action. However, this is a motion for summary judgment under CPLR 3212, not a motion to dismiss under CPLR 3211 (a) (7), and accordingly is treated differently. "[B]ecause this case involves summary judgment, not sufficiency of the complaint, failure to state a * * * cause of action in pleadings would not be sufficient to permit unconditional summary judgment in favor of defendant, as a matter of law, if plaintiff's submissions provided evidentiary facts making out a cause of action" (*Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 280). Therefore, if plaintiff's submissions in opposition to Rydinsky's motion for summary judgment provide evidentiary facts making out a cause of action for malicious prosecution, the motion for summary judgment should be denied (*see, Gee v Gee,* 113 AD2d 736, 737).

We are of the opinion that although plaintiff's complaint in and of itself does not state a cause of action against Rydinsky for malicious prosecution, the submissions on the motion for summary judgment provide facts which support the existence of the elements of malicious prosecution. There is no doubt that a prosecution was initiated against plaintiff and that it terminated in his favor. Moreover, the submissions also provide facts dealing with the existence of the other elements, malice and lack of probable cause. We note that as affirmative defenses in his answer, Rydinsky alleged a lack of malice and the presence of probable cause, and there are certainly issues of fact with regard to these elements which must be resolved by the trier of fact. The elements of malicious prosecution having been set forth in the submissions on the summary judgment motion, and there being issues of fact with regard to two of these elements, summary judgment in favor of Rydinsky is inappropriate at this juncture. Accordingly, Special Term's order granting summary judgment in favor of Rydinsky must be reversed.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Main, Mikoll, Levine and Harvey, JJ., concur.