■ STRAWBERRY LANE, INC., Respondent, v DOUGLAS F. FRASER et al., Appellants.—Levine, J. Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered March 4, 1986 in Albany County, which denied defendants' motions for summary judgment dismissing the complaint.

The instant appeal concerns ownership of a five-acre parcel and a 1.1-acre parcel of land which, the parties agree, a survey has accurately found to be included in a 71-acre tract in the Town of Berne, Albany County. Plaintiff's title to the 71 acres is derived from deeds to the full tract from Edward and Genevieve Patnode to Elizabeth Samal, dated August 30, 1968 and September 6, 1968, which were recorded September 6, 1968. Samal transferred the entire property to plaintiff by deed dated October 1, 1972 and recorded June 5, 1975. Defendant Douglas F. Fraser acquired title to the five-acre parcel through a March 31, 1976 deed from Sharon Patnode, who in turn acquired title from her parents, Edward and Genevieve Patnode, the common grantors, by conveyances in December 1975 and March 1976. As to the 1.1-acre parcel, Edward and Genevieve Patnode initially transferred it to Patrick and Patricia Maynard by deed dated September 10, 1968 and recorded November 13, 1968. Patrick and Patricia Maynard conveyed the property to Thomas and Irene Clements in November 1970. The Clements conveyed the same parcel to Raymond W. Maynard in August 1971, who, with his wife, deeded the property to Fraser on August 23, 1974.

Since the deed to the entire 71 acres was both transferred by the common grantors to plaintiff's predecessor in interest and recorded first in time, it is conceded that plaintiff acquired valid title (see, Real Property Law § 291). Plaintiff is, therefore, the legal owner of the two parcels in dispute unless its rights were cut off by adverse possession for the requisite statutory 10-year period before plaintiff's suit was commenced to recover possession (CPLR 212 [a]; see, City of Tonawanda v Ellicott Creek Homeowners Assn., 86 AD2d 118, 121, appeal dismissed 58 NY2d 824).

Plaintiff started this action against Fraser by service of a summons and complaint on March 17, 1982 and against defendant First Federal Savings and Loan Association of Rochester (First Federal), Fraser's mortgagee on the 1.1-acre parcel, by such service on February 12, 1982. After pretrial discovery, First Federal moved for summary judgment dismissing the complaint on the basis of the Statute of Limitations, laches and adverse possession of the 1.1-acre lot by Fraser and his grantor, Raymond Maynard. Fraser cross-moved for summary judgment on the same grounds as to both parcels in dispute. Special Term denied both motions, ruling that outstanding issues of fact existed as to all of the defenses upon which the motions were based. Both Fraser and First Federal then filed notices of appeal. Fraser, however, failed to perfect his appeal by timely filing of a brief and, hence, under the rules of this court, his appeal is deemed abandoned (see, 22 NYCRR 800.12).

Preliminarily, we note that, despite Fraser's status as a nonappealing party resulting from his failure to prosecute his appeal, this court is empowered, by virtue of First Federal's motion and appeal, to search the record and grant him summary judgment if merited (see, CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 111; Friedman v Carey Press Corp., 117 AD2d 568, 569).

Turning then to the merits, while Special Term correctly found outstanding issues of fact precluding judgment as to the five-acre parcel transferred by the common grantors in 1975, we are of the view that adverse possession was conclusively established as to the 1.1-acre plot. As to that parcel, First Federal submitted the affidavits of Fraser and his grantor, Raymond Maynard, which furnished direct evidence that, following the purchase of the property in 1968 by Patrick and Patricia Maynard, a foundation and septic system were installed on the premises. When Raymond Maynard purchased the property in August 1971, he completed construction of a

house and driveway upon the lot and occupied it exclusively and continuously until it was sold to Fraser in 1974. Once Fraser acquired the property, he, too, occupied it exclusively and continuously up to and following the commencement of plaintiff's action in 1982. Also submitted on the motion were excerpts from the examination before trial of Michael Samal, president of plaintiff, in which he described his awareness of construction by the Maynards on the 1.1-acre lot as early as 1968 and his belief, at the time of the purchase by his wife, Elizabeth, of the 71-acre tract from Edward and Genevieve Patnode in 1968, that it was a conveyance of all of the Patnodes' property, "except for a small parcel on the corner which was where the A-frame was, which was one acre and I believe that was all that was mentioned, approximately one acre where the A-frame was".

We have concluded that the foregoing evidence prima facie established the five necessary elements of adverse possession, namely, hostile and under a claim of right, actual, open and notorious, exclusive and continuous (Brand v Prince, 35 NY2d 634, 636). There was an unbroken chain of privity between Raymond Maynard and Fraser, who claimed title under their respective deeds. Improvements were made to the premises before and during 1971. Hence, uninterrupted continuity of possession, which was hostile and under a claim of right, was established at least from August 1971 (see, RPAPL 511, 512; see also, People v Ladew, 237 NY 413, 425; Belotti v Bickhardt, 228 NY 296, 303, 308). The admissions by plaintiff's president confirmed that such possession was open and notorious and also the existence of a known, distinct lot approximating the size of the property in dispute, where the structure occupied by Raymond Maynard and Fraser was located. This established possession as to the entire lot (see, RPAPL 512; Northport Real Estate & Improvement Co. v Hendrickson, 139 NY 440, 445; Sackett v O'Brien, 27 AD2d 979, affd 23 NY2d 883). Put another way, defendants' proof has satisfied the purpose of the adverse possession statute by showing the existence of acts by Fraser and his predecessors extending more than 10 years before this action was commenced, which unequivocally put plaintiff and its grantor upon notice of the hostile claim and thereby called upon them as legal owners to assert their title and right to possession (see, Monnot v Murphy, 207 NY 240, 245; see also, Brand v Prince, 35 NY2d 634, 636, supra). Since this factual showing was in no way contradicted by plaintiff's opposing papers, summary judgment should have been granted defendants as to the 1.1-acre parcel.

Order modified, on the law, with costs to defendant First Federal Savings and Loan Association of Rochester, by granting summary judgment dismissing the complaint as against defendant First Federal Savings and Loan Association of Rochester and by granting partial summary judgment dismissing so much of the complaint against defendant Douglas F. Fraser as relates to the real property more particularly described in a deed from Raymond W. Maynard and Marlene A. Maynard to Douglas F. Fraser, dated August 23, 1974, and recorded August 26, 1974 in the Albany County Clerk's office, and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.