■ CHARLES F. KLIMEK, Individually and as Father and Natural Guardian of PETER E. KLIMEK, an Infant, Respondent, v TOWN OF GHENT, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. CHARLES F. KLIMEK et al., Third-Party Defendants-Respondents. (And Another Related Action.)—Levine, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered July 22, 1986 in Columbia County, upon a verdict rendered in favor of plaintiff.

Peter E. Klimek (hereinafter the infant) was severely injured on July 19, 1978 when the farm tractor he was driving partly on and partly off the paved portion of Harlemville Road in defendant Town of Ghent, Columbia County, deviated from the path of the road, hit a tree and fell down an embankment. Harlemville Road was a two-lane rural town highway. Originally a dirt road, it had been improved in 1967 in a reconstruction funded by the State under a plan and specifications approved by the State and Columbia County. At the time of the accident, the infant was 13 years old and was staying for the summer with his grandparents, third-party defendants John and Catherine Burfeind, to help in the operation of their farm. The infant had been assigned the task of driving the tractor to haul a hay wagon over Harlemville Road to another farmland.

Following the accident, the infant's head injuries caused him to suffer total amnesia as to the happening of the accident. There were no eyewitnesses. Therefore, at trial of this action commenced by the infant's father, plaintiff was held to a lesser degree of proof than otherwise in establishing a right to recover *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 333-334; *Schechter v Klanfer,* 28 NY2d 228, 230-231). With this principle in mind, we find that the evidence in the

record was sufficient to support plaintiff's theory that the infant lost control of the tractor when its wheels went into a large hole located in the shoulder of the road about 1½ feet from the roadway, at the point where the road crossed a culvert for a stream under the roadway. There was evidence that the hole was the result of substantial erosion of the shoulder at the culvert. Expert testimony was given to the effect that the severe erosion was caused by the improper positioning of the culvert in terms of depth and angle, and the failure of the town to have taken measures to prevent the erosion in providing for drainage from the downstream end of the culvert. There was also evidence that the tractor had been driven partly on the shoulder for some 50 feet before reaching the hole. The jury fixed the infant's total damages at $600,000, apportioning fault 75% against the town and 25% against the infant. Its verdict rejected the town's third-party claim that the Burfeinds were liable for all or part of the infant's injuries because of their negligence in entrusting him with the tractor and wagon, and permitting him to operate the tractor without supervision upon a public highway.

On appeal, the town seeks reversal and dismissal of the complaint on the grounds that plaintiff failed as a matter of law (1) to provide a factual basis for overcoming the town's affirmative defense of noncompliance with the prior written notice of defect requirement of its local law (Local Laws, 1976, No. 1 of Town of Ghent; *see, Klimek v Town of Ghent,* 71 AD2d 359), and (2) to prove that the town breached any duty in the construction and/or maintenance of Harlemville Road which contributed to causing the accident. As to the defense based upon the town's local law requiring prior written notice of defect, there was proof at the trial from which the jury could have found the town responsible for originally installing the culvert, or repositioning it during the 1967 reconstruction or shortly thereafter. Since the erosion was at least partly attributed to the positioning of the culvert itself, the dangerous condition could have been found to have been created by the negligent acts of the town, in which event liability will attach despite the absence of written notice *(see, Barrett v City of Buffalo,* 96 AD2d 709, 710).

Regarding the sufficiency of the proof of breach of duty by the town in connection with the hole, proximately causing the accident, plaintiff's evidence, if believed, established both that erosion at the culvert had been taking place for a matter of years, and that town highway officials were made aware of it. As already noted, the proof also supported the inference that

the hole was a substantial factor in causing the infant's loss of control over the tractor. The town, however, relying upon *Tomassi v Town of Union* (46 NY2d 91), contends that it owed no duty to users of its roadways to provide a shoulder for vehicular use such as the infant engaged in prior to the accident. Again, however, there was evidence from which the jury could have found that the town undertook to install and maintain a shoulder in the section of Harlemville Road where the accident occurred. The creation of a five-foot shoulder was required under the plan for the 1967 reconstruction of the roadway. There was in fact a shoulder of approximately five feet adjoining the roadway both before and beyond the location of the culvert. Additionally, the town from time to time had crews performing maintenance upon the shoulder, consisting of mowing vegetation abutting the roadway to a depth of four feet. Certainly, it was foreseeable that occasions would arise when vehicles, whether operated prudently or negligently, would deviate from the road to the extent of the 1½ feet where the hole in question was located. Once having elected to provide a shoulder, which foreseeably might be used by drivers of vehicles, the town had a duty to maintain it in a reasonably safe condition *(see, Bottalico v State of New York,* 59 NY2d 302, 305-306). The protracted use of the shoulder by the infant (the reason for which cannot be ascertained because of his amnesia), even if negligent, did not negate the town's duty, but only went to the issue of comparative fault *(see, supra).*

The town's remaining points on appeal do not require extended discussion. While the charge to the jury on the possible liability of the Burfeinds could have been more expansive, the charge correctly submitted the issue as based both on negligent supervision and negligent entrustment of the tractor *(see, Nolechek v Gesuale,* 46 NY2d 332; *Holodook v Spencer,* 36 NY2d 35, 49-50; *Barrera v General Elec. Co.,* 84 Misc 2d 901, 902-903), and nothing in the charge as to the factors to be considered in adjudging the negligence of the Burfeinds was inconsistent with the applicable principles identified in the case law *(see, Craft v Mid Is. Dept. Stores,* 112 AD2d 969, 970; *Carmona v Padilla,* 4 AD2d 181, 183-184, *affd* 4 NY2d 767). In any event, the record does not indicate that the town's objections, if any, to this aspect of the charge were preserved for review. There was substantial evidence submitted on the extensive instruction that the infant had received in operating the tractor for several years as he was gradually given more responsibility and independence in its use, and

that by the time of the accident, he had become an experienced driver who had safely driven the same route on numerous occasions. Thus, the evidence did not preponderate so greatly against the Burfeinds that the jury could not have reasonably concluded that they were free from negligence. Consequently, the verdict exonerating the Burfeinds cannot be disturbed on the ground that it was against the weight of the evidence *(see, Fortin v Marra,* 116 AD2d 786, 787). We have considered the town's remaining objections as to the conduct of the trial, and find that in each respect, the rulings complained of were well within Supreme Court's discretion.

Judgment affirmed, with one bill of costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.