■ CLIFFORD ROWLAND et al., Appellants, v ONDAWA AGWAY, INC., et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered June 15, 1987 in Washington County, upon a verdict rendered in favor of defendants.

Plaintiff Clifford Rowland was injured while he was a passenger in a truck driven by defendant Richard Culver, an employee of defendant Ondawa Agway, Inc. Culver was delivering lime to a farm where he was to spread it on two farm fields and Rowland volunteered to direct Culver to one of the fields that were to be treated. After arriving there, Culver began negotiating the truck over the farm field, which had a slight upward grade to it. After some difficulty negotiating a route to the field, the passenger side of the truck started to rise up and the truck thereafter rolled over sideways from the passenger's side to the driver's side, overturning 2½ times, coming to rest on the driver's side. Rowland was injured in the accident and he and his wife commenced this action

against defendants for damages. Following a trial, the jury found defendants not to be negligent. Supreme Court denied plaintiffs' motion to set aside the verdict.

The sole issue here is whether Supreme Court properly denied plaintiffs' motion to set aside the jury verdict pursuant to CPLR 4404 (a). There should be an affirmance. CPLR 4404 (a) states that "[a]fter a trial of a cause of action * * * by a jury * * * the court * * * may order a new trial of a cause of action * * * where the verdict is contrary to the weight of the evidence". We have held that "[a] court has no right to invade the province of the jury unless 'no reasonable [person] would solve the litigation in the way the jury has chosen to do' " (*Rowe v Board of Educ.,* 120 AD2d 850, 851, *lv denied* 68 NY2d 609, quoting *Rapant v Ogsbury,* 279 App Div 298, 299). Thus, the threshold question is whether any fair interpretation of the evidence supports the verdict.

Here, the trial evidence was all presented by plaintiffs and consisted of testimony from Rowland and Culver. The testimony was not significantly divergent. The evidence disclosed that Culver, in attempting to drive northward in the corn field, directed by Rowland, experienced some instability or teetering of the truck and felt a loss of traction. Culver thereupon made a U-turn and proceeded northward by a different route. On this second attempt to reach the field to be treated, the truck tipped over. There was a rocking motion experienced immediately before turning over which Culver concluded was due to the slight upward grade. Upon this evidence, we cannot say that a fair interpretation of the evidence dictates a finding of negligence on Culver's part. Culver was a stranger to the terrain of this field. He was proceeding cautiously and whatever danger warning there was, i.e., a rocking motion of the truck, became apparent almost simultaneously with the overturning of the vehicle.

Judgment affirmed, with costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.