■ JACK PAU et al., Appellants, v JOSEPH V. BELLAVIA et al., Respondents.—In an action, *inter alia,* for specific performance of a contract to sell real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (Pitaro, J.), dated September 16, 1987, which, *inter alia,* (1) granted the defendant Bellavia's motion for summary judgment and dismissed the complaint insofar as asserted against him, (2) denied the plaintiffs' cross motion for consolidation of the action with an action between the defendant Vella and the defendant Bellavia, and (3) upon searching the record, dismissed the complaint as against the defendant Vella.

Ordered that the order is modified by deleting therefrom the provisions granting summary judgment to the defendants Bellavia and Vella respectively, and substituting therefor a provision denying Bellavia's motion for summary judgment; as so modified, the order is affirmed, with costs to the plaintiffs.

By deed dated April 3, 1980, the defendant Frank Vella conveyed his house at 7 Summit Court, Flushing, to his half brother, the defendant Joseph V. Bellavia. On August 12,

1985, Bellavia entered into a contract to sell the premises to the plaintiffs, Jack and Nancy Pau. Prior to the closing set forth in the contract, however, Vella commenced an action against Bellavia, alleging that his 1980 conveyance of the house to his half brother was fraudulently induced, and filed a notice of pendency against the property. Although the defendant half brothers initially agreed to settle their litigation, at a rescheduled closing on December 11, 1985, Vella nevertheless rejected the settlement agreement and refused to execute a quitclaim deed. The plaintiffs allege that the closing was adjourned with assurances from Bellavia and his attorney that the Vella litigation would be settled or resolved, and that Bellavia's attorney continued to advise their attorney of the progress of the Vella litigation. Nevertheless, by letter dated February 18, 1986, Bellavia attempted to cancel the contract by arguing that he was unable to transfer good title. The plaintiffs rejected Bellavia's attempt to cancel the contract and commenced this action seeking conveyance of the property free from Vella's notice of pendency.

Bellavia subsequently moved for summary judgment, contending that despite his good-faith efforts to resolve the Vella litigation, it was still pending and thus he remained unable to convey good title. The Supreme Court granted the motion and dismissed the complaint, concluding that Bellavia was entitled to rely on a provision in the contract which permitted cancellation without further liability in the event that good title in accordance with the contract could not be conveyed.

On appeal, the plaintiffs allege that there exist material issues of fact with regard to their contentions that the contract was orally modified on December 11, 1985, so as to extend the closing until the conclusion of the Vella litigation, and that Bellavia's attempts to resolve the Vella litigation were referable to this oral modification. We agree.

It is well settled that partial performance of an oral agreement to modify a written contract, if unequivocally referable to the modification, avoids the statutory requirement of a writing (see, General Obligations Law § 15-301; Rose v Spa Realty Assocs., 42 NY2d 338, 340-341). Moreover, when a party's conduct induces another's significant and substantial reliance on the modification agreement, that party may be estopped from disputing the modification notwithstanding the Statute of Frauds (Rose v Spa Realty Assocs., supra, at 341).

A review of the papers submitted by the plaintiffs in opposition to Bellavia's motion for summary judgment indicates that

issues of fact exist as to whether there was an oral modification of the contract, and if so, whether there was partial performance by Bellavia of the alleged modification or significant and substantial reliance upon it. Resolution of these issues must await trial.

With respect to the plaintiffs' cross motion for consolidation, we note that while CPLR 602 (a) provides that actions "involving a common question of law or fact" may be consolidated by court order, such consolidation is inappropriate where the cases involve different factual issues *(see, Jacobsen v Hills,* 101 AD2d 980). The plaintiffs' action against the defendants involves factual issues which are distinct from the Vella action, and thus consolidation of these actions is inappropriate. Bracken, J. P., Kunzeman, Weinstein and Kooper, JJ., concur.