■ Ai B. Hutton et al., Respondents, v Marcia M. Townsend, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Shea, J.), entered November 26, 1986 in St. Lawrence County, upon a verdict rendered in favor of plaintiffs.

Plaintiffs commenced this action in 1985 to quiet title to an 84-plus-acre parcel of land which they claimed to own by adverse possession. Supreme Court found defendant to be the title holder of record of the disputed property and indicated to counsel it intended to charge the jury the essentials of adverse possession pursuant to RPAPL 521 and 522. In fact the court charged RPAPL 512 verbatim, the essentials of adverse possession based upon a written instrument. Defendant entered a

timely objection. Following a verdict in favor of plaintiffs, defendant brought this appeal.

In general, when adverse possession of property is not founded on a written instrument, only that portion of the property actually occupied and possessed may be acquired by the adverse possessor (RPAPL 521). On the other hand, when adverse possession is based on a written instrument, the adverse possessor's occupation and possession of a portion of the property gives rise to constructive possession of the entire property laid claim to under the instrument (RPAPL 511; *see, Sackett v O'Brien,* 27 AD2d 979, *affd* 23 NY2d 883). A further distinction also exists regarding the use of timber; when the claim is made under color of title, sufficient timber use will support adverse possession to the entire parcel in dispute, but when a written instrument is lacking, timber use will at most only yield a prescriptive right to use the timber *(compare* RPAPL 512, *with* RPAPL 522; *see generally,* 75 NY Jur 2d, Logs and Timber, § 14, at 700-701).

The evidence adduced at trial respecting if, during all or various periods between 1961 and 1985, plaintiffs had fenced the entire parcel, used portions thereof for pasture and hay meadow and had taken timber therefrom for a sufficient period of time—whether that be 10 or 15 years *(see,* RPAPL 501; CPLR 212 [a]; 218 [b])—was sharply disputed. Conceivably, the jury could have found inconclusive the testimony as to whether and how long plaintiffs had enclosed the parcel, had their cattle graze there and worked its fields. There is, however, evidence from which the jury could have concluded that plaintiffs merely harvested timber from the disputed property for the requisite period of time to acquire title. Therefore, Supreme Court's instruction, that for purposes of an adverse possession claim, even though not founded on a written instrument, the disputed land is deemed to have been possessed and occupied if plaintiffs satisfactorily demonstrated that "although not inclosed, [the land in dispute] has been used for the supply of fuel or of fencing timber, either for the purposes of husbandry or for the ordinary use of the occupant" (RPAPL 512 [3]), cannot be said to be harmless error *(see, Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 43).

Judgment reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.