■ MARGARET STENGELE, Respondent, v FRANK J. BELLINO et al., Appellants.—In an action, *inter alia,* pursuant to RPAPL article 15 to determine ownership of certain real property located in the City of Yonkers, the defendants Frank J. Bellino and Bellex Excavating, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered October 5, 1989, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified by adding thereto provisions (1) that the denial of the defendants' cross motion for summary judgment dismissing the complaint is conditioned upon the plaintiff serving an amended complaint, which particularly describes the property to which she claims title by adverse possession, and (2) granting the defendants' leave to renew their motion for summary judgment in the event that the plaintiff fails to serve such an amended complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiff's time to serve an amended complaint is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

The defendant Frank J. Bellino purchased a vacant lot adjoining the plaintiff's property in 1977 and, in 1988, began excavating the land in preparation for construction. According to the plaintiff, the excavation included an area which she had used for a driveway and patio and for storage of an oil tank since purchasing the property in 1962. The plaintiff com-

menced this action, *inter alia,* for a determination of the parties' rights with respect to certain property which was described by metes and bounds in the complaint. The court granted the plaintiff's motion for preliminary injunctive relief and denied the defendants' cross motion for summary judgment dismissing the complaint.

On appeal, the defendants contend that they are entitled to summary judgment because the plaintiff is seeking a declaration as to the ownership of property to which she holds legal title and to which they make no claim. It is apparent that the metes and bounds description of the property in the complaint does not accurately describe the portion of Bellino's property which the plaintiff claims by adverse possession. Although the pleading is defective, the defendants are not entitled to summary judgment if the plaintiff's submissions on the motion establish that she has a cause of action *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Canonico v Hayes,* 127 AD2d 911; *Auto Body Fedn. v Lewis,* 80 AD2d 593; *Macchia v Liggett,* 67 AD2d 905).

We find that the plaintiff's submissions are sufficient to establish that she has a cause of action based on adverse possession and that there are triable issues of fact precluding summary judgment. The plaintiff has alleged facts to show that her possession of a portion of Bellino's property was hostile and under a claim of right; as well as actual, open and notorious, exclusive, and continuous for the statutory period *(see, Brand v Prince,* 35 NY2d 634; *Snyder v Bistrian,* 156 AD2d 355; *Palazzolo v Malba Estates,* 118 AD2d 841).

Although the court properly denied summary judgment to the defendants, the order is modified by imposing a condition that the plaintiff amend her complaint to particularly describe that portion of Bellino's property which is claimed by adverse possession. Where a claim of adverse possession is not based on a written instrument, only the portion actually occupied and possessed may be acquired by the adverse possessor *(see, Hutton v Townsend,* 150 AD2d 972; RPAPL 521). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.