■ Elizabeth G. Lang et al., Appellants, v County of Sullivan, Respondent, et al., Defendant.—Appeal from an order of the Supreme Court (Williams, J.), entered September 25, 1990 in Sullivan County, which granted defendant County of Sullivan's motion to dismiss the complaint against it for failure to state a cause of action.

We affirm Supreme Court's dismissal of plaintiffs' complaint against defendant County of Sullivan for failure to allege compliance with the County's prior notice law (Local Laws, 1982, No. 9 of County of Sullivan). Plaintiffs contend that the County was on constructive notice of the need for sand and salt by virtue of the existing weather conditions and that it had also received actual notice of the icy condition of the roadway. Clearly, however, insofar as plaintiffs did not establish that prior written notice of a highway defect involving snow or ice was given as required by Local Laws, 1982, No. 9 of the County of Sullivan, the failure to plead compliance with that law was fatal (see, Conroy v County of Cattaraugus, 176 AD2d 1228). "Actual or constructive notice cannot substitute for written notice where, as here, the condition of the highway involves snow or ice" (Piscione v County of Oneida, 159 AD2d

982). In addition, the failure to sand the roadway is insufficient to establish the type of affirmative negligence required to excuse noncompliance with the notice requirement *(see, Camera v Barrett,* 144 AD2d 515, *lv dismissed* 74 NY2d 650).

Mikoll, J. P., Levine, Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.