[606 NYS2d 455]

JILLUANN MARTIN, as Executrix of BILLY MARTIN, Also Known as ALFRED M. MARTIN, Deceased, Respondent-Appellant, v WILLIAM REEDY et al., Respondents, and TOWN OF FENTON, Appellant-Respondent.

Third Department, January 6, 1994

APPEARANCES OF COUNSEL

*Hogan & Sarzynski,* Binghamton *(Edward J. Sarzynski* of counsel), for appellant-respondent.

*Robert J. Pearl,* Rochester, for respondent-appellant.

*Hickey, Sheehan & Gates, P. C.,* Binghamton *(Gregory A. Gates* of counsel), for William Reedy, respondent.

*O'Connor, Gacioch & Pope,* Binghamton *(James C. Gacioch* and *Lori Grumet Schapiro* of counsel), for Ford Motor Credit Company, respondent.

**OPINION OF THE COURT**

CREW III, J.

On December 25, 1989 Billy Martin (hereinafter decedent) and defendant William Reedy left Morey's Bar and Restaurant in the City of Binghamton, Broome County, where they had been drinking, intending to return to decedent's home in the Town of Fenton. While en route, the pickup truck in which they were traveling failed to negotiate a turn at the intersection of Hunt Hill Road and Potter Hill Road, slid into a drainage ditch that ran parallel to Potter Hill Road and collided with a culvert located at the end of decedent's driveway, killing decedent and seriously injuring Reedy. As a result of the accident, Reedy was charged with violating Vehicle and Traffic Law § 1192 (2) and found guilty thereof following a jury trial.

Plaintiff, decedent's wife, commenced this action alleging causes of action for pain and suffering and wrongful death against Reedy, the Town and Ford Motor Credit Company, from whom decedent leased the truck, alleging that Reedy had

negligently operated the truck, that Ford Motor was vicariously liable as owner of the truck and that the Town was negligent in its design, maintenance, repair and inspection of the roadway where the accident occurred. After answering, the Town moved for summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on the issue of Reedy's operation of the truck, based upon the principle of collateral estoppel, and for partial summary judgment against the Town on the issue of its failure to adopt a safety plan for its highways. Supreme Court dismissed plaintiff's causes of action for pain and suffering and so much of plaintiff's wrongful death cause of action against the Town as was predicated upon its failure to remove snow and ice; the remainder of the Town's motion was denied, as was plaintiff's cross motion for summary judgment. The Town appeals and plaintiff cross-appeals.

■ Initially, we note, as argued by the Town, that plaintiff's notice of appeal does not specify that plaintiff is appealing from that portion of Supreme Court's order that denied plaintiff's motion for partial summary judgment against the Town for negligence in failing to adopt a highway safety plan. However, by virtue of the Town's motion and appeal, this Court is empowered to search the record and grant plaintiff summary judgment, if warranted *(see, Strawberry Lane v Fraser,* 129 AD2d 874, 875).

■ It is well established that municipalities have a duty to keep the roads and highways under their control in a reasonably safe condition *(see, Friedman v State of New York,* 67 NY2d 271, 283). That duty includes, *inter alia,* adequately warning users of existing highway hazards *(see, Hicks v State of New York,* 4 NY2d 1, 7). However, municipalities enjoy a qualified immunity from liability arising out of a highway planning decision. "Under this doctrine of qualified immunity, a governmental body may be held liable when its study of a traffic condition is plainly inadequate" *(Friedman v State of New York, supra,* at 284). Here, there is evidence that the Town codified certain signage requirements within the Town in its Town Code. Additionally, there is deposition testimony by the Town Highway Superintendent as to what he did and did not do regarding the signing of the roadway and the installation of guardrails, and the bases for such decisions. Given that and the grossly conflicting affidavits of the experts for plaintiff and the Town, we agree with Supreme Court that there are substantial questions of fact as to the adequacy of

the highway planning decisions involved here. Further, there exist questions of fact as to the sufficiency of the signing and the need for guardrails at the accident site, as well as whether the Town's negligence, if any, was a proximate cause of the accident and decedent's ensuing death.

■ We are also of the view that Supreme Court properly dismissed so much of plaintiff's wrongful death cause of action as was predicated upon the Town's failure to remove snow and ice. The Town's Highway Superintendent testified that he received no notice of ice or snow accumulation and plaintiff presented no evidence contradicting that testimony, or even alleging that notice was given as required by Town Law § 65-a (see, Lang v County of Sullivan, 184 AD2d 981).

■ Additionally, Supreme Court properly dismissed plaintiff's causes of action for conscious pain and suffering. In order to recover for postaccident pain and suffering, plaintiff must demonstrate some level of cognitive awareness (see, McDougald v Garber, 73 NY2d 246). Here, the Coroner opined that the cause of death was "fracture of the neck—probable cord compression" and that the interval between onset and death was "immediate". Additionally, the testimony of Reedy and others who came upon the accident scene demonstrated that decedent never regained consciousness after the accident. Absent contradictory proof, such as an expert's opinion that decedent survived the accident based upon the nature of his injuries (see, Jehle v Hertz Corp., 174 AD2d 812), plaintiff's causes of action were properly dismissed. Further, given decedent's equivocal statement when the truck slid to "hold on" and the relatively low rate of speed the truck was traveling at the time, there is no evidence that decedent was aware of impending death causing him to suffer any preimpact terror (see, Anderson v Rowe, 73 AD2d 1030).

■ The more troublesome issue is plaintiff's contention that defendants are collaterally estopped from denying Reedy's operation of decedent's truck based upon his prior conviction of operating that very vehicle in violation of Vehicle and Traffic Law § 1192 (2). Collateral estoppel is based upon fairness "involving a practical inquiry into the realities of the litigation" (Matter of Halyalkar v Board of Regents, 72 NY2d 261, 268) and should not be applied rigidly or mechanically (see, D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659). "In the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness

to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results" *(Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 153). Application of the doctrine is thus discretionary with the trial court *(see, People v Plevy,* 67 AD2d 591, 596, *affd* 52 NY2d 58).

While it is true that the doctrine should not be applied mechanically, we reject plaintiff's notion that such a concept would permit Supreme Court, in its discretion, to preclude the Town and Ford Motor from litigating the issue. It is clear that in order to invoke the doctrine, the party sought to be bound must have had a full and fair opportunity to contest the decision now said to be controlling and this requirement is to be strictly applied *(see, Gilberg v Barbieri,* 53 NY2d 285, 291; *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). Indeed, "[d]ue process * * * would not permit a litigant to be bound by an adverse determination made in a prior proceeding to which he was not a party or in privity with a party" *(Gilberg v Barbieri, supra,* at 291). There is no doubt here that neither the Town nor Ford Motor were parties to or in privity with a party in the criminal action brought against Reedy and they may not, therefore, be estopped from litigating who was operating decedent's truck.[1]

That being the case, Supreme Court was faced with a limited number of choices, none of which were altogether salutary. The court could have severed the trial, thereby permitting the application of collateral estoppel at the Reedy trial but not at the trial of the Town and Ford Motor, at great expense to plaintiff with the concomitant burden on the court.[2] Alternatively, the court could apply estoppel against Reedy, but not the Town and Ford Motor, and attempt to devise a charge that would not confuse the jury, an almost insurmountable task, thereby inviting inconsistent verdicts within the trial itself. Additionally, the court could submit the case to the jury as to driver identification and, in the event that the jury determined that decedent was the driver, the court could then instruct the jury that it must consider Reedy's negligence, with an explanation of the fact that he is not legally permitted to deny operation of the truck, a most

1. The vicarious liability imposed by Vehicle and Traffic Law § 388, which makes Ford Motor potentially liable in this case, does not create privity for purposes of collateral estoppel *(see, Molino v County of Putnam,* 29 NY2d 44, 49-50).

2. We note that none of the parties sought severance in Supreme Court.

onerous position in which to put a jury that has already decided the opposite. Finally, the court could, as it did, decline to invoke the doctrine at all, thereby requiring proof, once again, that Reedy was the driver, but with a lesser burden of proof (by a preponderance of evidence as opposed to beyond a reasonable doubt). In the end, given the possible alternatives, the question is not what choice this Court deems preferable, but rather, whether the choice adopted by Supreme Court was a clear abuse of its discretion. We think not and would, therefore, affirm.

MIKOLL, J. P., MERCURE, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, without costs.