■ HARVEY HOROWITZ, Individually and as Father and Natural Guardian of DAVID HOROWITZ et al., Infants, et al., Appellants, v COUNTY OF ORANGE et al., Defendants, and TOWN OF

---

* A similar modification proceeding was dismissed by Family Court in June 1991.

TUXEDO, Respondent. [626 NYS2d 296] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Owen, J.), entered May 17, 1993 in Orange County, which granted defendant Town of Tuxedo's motion for summary judgment dismissing the complaint against it.

Plaintiffs commenced this negligence action to recover damages arising out of a one-car accident which occurred when a vehicle operated by plaintiff Harvey Horowitz skidded on a patch of ice on a road in the Town of Tuxedo, Orange County. After issue was joined, defendant Town of Tuxedo (hereinafter the Town) moved for summary judgment based upon plaintiffs' lack of compliance with a prior written notice requirement contained in the Town code. Supreme Court granted the motion, resulting in this appeal by plaintiffs.

In opposition to the Town's motion, plaintiffs submitted the affidavit of an expert who was of the opinion that successive stone and oil treatments improperly applied to the road by the Town created a swale in the road where water collected and froze. Having submitted evidence that the Town's negligence was not merely passive in failing to remove the ice but was active in creating the dangerous condition, plaintiffs were not required to demonstrate compliance with the Town's prior written notice law (see, Parks v Hutchins, 162 AD2d 666, 668-669, affd 78 NY2d 1049; see also, Merchant v Town of Halfmoon, 194 AD2d 1031; Klimek v Town of Ghent, 134 AD2d 740, 741, lv denied 71 NY2d 801).

The Town claims that the affidavit of plaintiffs' expert cannot be considered because plaintiffs' complaint alleges acts of passive negligence by the Town. The claim is meritless. Archaic, technical rules of pleading do not bar plaintiffs from establishing that they have a cause of action to defeat a motion for summary judgment (see, Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281; see also, Stengele v Bellino, 174 AD2d 563, 564; Canonico v Hayes, 127 AD2d 911, 913). In any event, although plaintiffs' complaint contains allegations of the Town's passive negligence, it also unambiguously alleges that the Town's negligence "caused the ice condition to exist" (emphasis supplied), which clearly encompasses the affirmative acts of negligence alleged in the affidavit of plaintiffs' expert. Insofar as plaintiffs' claim against the Town is based upon allegations of nonfeasance, it is subject to dismissal for lack of compliance with the prior written notice requirement, but summary judgment must be denied as to the portion of

plaintiffs' claim based upon allegations that the Town created the dangerous condition *(see, Merchant v Town of Halfmoon, supra).*

Mikoll, J. P., and Crew III, J., concur.

White, J. (dissenting). We respectfully dissent since we consider the majority to have construed the complaint too broadly and misapplied *Alvord & Swift v Muller Constr. Co.* (46 NY2d 276, 281).

The particular allegations of negligence in plaintiffs' complaint are that the Town "fail[ed] to adequately and properly maintain, repair and control the said roadway; in failing to properly remove ice therefrom; in permitting ice to accumulate on said roadway; in failing to salt and sand the ice on the said roadway and in permitting the dangerous ice condition to exist despite adequate and frequent notice of its existence, *and in so maintaining and controlling the roadway that the defendants caused the ice condition to exist"* (emphasis supplied).

As we read this complaint it sets forth a number of passive acts of negligence *(see, Merchant v Town of Halfmoon,* 194 AD2d 1031; *Lang v County of Sullivan,* 184 AD2d 981; *Grant v Incorporated Vil. of Lloyd Harbor,* 180 AD2d 716, *lv denied* 80 NY2d 761; *Albanese v Town of Hempstead,* 176 AD2d 697) and in the underscored phrase concludes that by reason of these passive acts defendant Town of Tuxedo caused the ice condition to exist. Thus, unlike the majority, we do not view this complaint as encompassing the affirmative acts of negligence alleged in the affidavit of plaintiffs' expert.

We further believe that the majority's reliance upon *Alvord & Swift v Muller Constr. Co. (supra)* is misplaced because the holding therein applies where the facts presented in a plaintiff's opposing papers to a motion for summary judgment are within the ambit of a cause of action defectively pleaded in his or her complaint (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.10). Here, the fact that the Town may have committed an affirmative act of negligence is not within the ambit of plaintiffs' complaint. Therefore, the rule that should be applied to this case is that a party may not defeat a motion for summary judgment on the ground that he or she may have a good cause of action other than as alleged in that party's complaint *(see, Barber v Daly,* 185 AD2d 567, 570; *Babtkis Assocs. v Tarazi Realty Corp.,* 34 AD2d 754). Consequently, by application of this rule, Supreme Court correctly granted summary judgment since neither passive negligence or nonfeasance nor actual or constructive notice can substitute for

written notice where the condition of the highway involves snow or ice *(see, Merchant v Town of Halfmoon, supra; Lang v County of Sullivan, supra).*

However, given the fact that this matter is still in the pretrial discovery stage, we would, in the interest of justice, permit plaintiffs to apply to Supreme Court for leave to serve an amended complaint *(see, Barber v Daly, supra).* Thus, the order should be modified by allowing plaintiffs to seek leave to amend.

Yesawich Jr., J., concurs. Ordered that the judgment is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant Town of Tuxedo's motion dismissing that portion of plaintiffs' claim based upon the Town of Tuxedo's active negligence in creating the dangerous condition; motion denied to that extent; and, as so modified, affirmed.