■ MICKEY INDIG et al., Respondents, v. ABEL FINKELSTEIN et al., Appellants.— Order, entered May 10, 1967, reversed, on the law, with $50 costs and disbursements to defendants, and defendants' motion for summary judgment granted. The plaintiffs' stated causes of action are to recover for alleged slanderous words uttered by the defendants concerning the plaintiffs, it being alleged that in each instance the words were spoken at a country club " in the presence of and hearing of over 100 people ". The defendants, in support of their motion for summary judgment pursuant to CPLR 3212, have presented a prima facie showing that the alleged words were not said by them. " Under the circumstances, the plaintiff was bound to come forward with evidentiary facts to support his alleged causes of action and to show that there is a bona fide and triable issue." (*Green* v. *Irwin*, 28 A D 2d 971, 972; see, also, *Shapiro* v. *Health Ins. Plan*, 7 N Y 2d 56, 63.) The plaintiffs, however, have failed to present any evidence establishing that the alleged words were in fact spoken by the defendants or that they were said to or in the hearing of any person; nor is there any showing that such evidence is available. One of the plaintiffs merely submits an affidavit that the " allegations of the complaint are true and the publication by the defendants of the slanders alleged in the complaint will be shown by the testimony of witnesses at the trial herein, among whom will be those named in plaintiffs' Bills of Particulars." But, having been properly challenged on the motion for summary judgment, the plaintiffs could not rest solely

on the allegations of their pleadings (here verified or affirmed by attorneys having no personal knowledge of the facts). The motion may not be defeated by what the plaintiffs may prove on the basis of their pleadings (see dissenting memo) where they do not come forward with an affidavit as to what they heard, saw or will testify to. The intended effect of the summary judgment procedure would be frustrated if a party were permitted to defeat a properly supported motion by merely reiterating the allegations of his pleadings. Consequently, it is well settled that the allegations contained in pleadings are not acceptable as the evidential proof required to defeat a summary judgment application. (See *Senrow Concessions* v. *Shelton Props.*, 10 N Y 2d 320, 326; *Pribyl* v. *Van Loan & Co.*, 261 App. Div. 503, 504, affd. 287 N. Y. 749; *Siren Realty Corp.* v. *Biltmore Prods. Corp.*, 27 A D 2d 519; *Iannarelli* v. *Carvel Stores*, 18 Misc 2d 930.) Concur — Eager, J. P., Tilzer and McGivern, JJ.; Capozzoli and Rabin, JJ., dissent in the following memorandum by Capozzoli, J.: I dissent and vote to affirm. There are enough facts in the pleadings, bills of particulars and affidavits to make out a prima facie case for plaintiffs at a trial, if they are properly presented. The majority's reliance on *Green* v. *Irwin* (28 A D 2d 971) is misplaced, because, in that case, the slanderous words were communicated to the plaintiff by a third party who heard the defendant utter those words. The plaintiff did not hear those words himself. Therefore, in view of the sworn statement by the defendant that he was out of town when the slanderous words were supposedly uttered by him, the court held "the plaintiff was bound to come forward with evidentiary facts to support his alleged causes of action and to show that there is a bona fide and triable issue". However, in the case at bar, the words spoken clearly indicate that they were addressed directly to the plaintiffs. Further, there is an ample showing that these words were spoken in the presence of a number of people. In other words, in the *Green* case (*supra*) there could be no prima facie case without the testimony of the witness, whereas, in the case at bar, the testimony of the plaintiffs alone would make out a prima facie case.