■ GERALDINE LEFFT, Appellant, v. CANADA LIFE ASSURANCE COMPANY, Respondent.— Order of the Supreme Court, New York County, entered on November 17, 1971, granting defendant's motion for summary judgment dismissing the complaint and denying plaintiff's cross motion for summary judg-

ment, modified, on the law, to the extent of denying defendant's motion for summary judgment, and otherwise affirmed, without costs and without disbursements. On this record and in the interest of justice, the plaintiff, upon proof that she has a valid cause of action against the defendant on the assignment and upon submission of a proposed amended complaint, may apply to Special Term, within 30 days after the date of entry of the order hereon, for leave to serve an amended complaint. The complaint is based on plaintiff's rights as beneficiary under the policy. As beneficiary, her rights are limited to the optional settlement annexed to the policy. The documents and affidavits submitted on the motion for summary judgment indicate that plaintiff may possibly have a cause of action based on an assignment of the policy to the plaintiff to the extent of $35,000. If the assignment is valid, plaintiff may well be entitled to payment of the $35,000 and the optional settlement with respect to the balance. The complaint does not allege a cause of action as assignee, and plaintiff may not have summary judgment on a cause of action not alleged in the complaint. Moreover, plaintiff may not defeat a motion for summary judgment on the ground that she has a cause of action not alleged in the complaint. (*Babtkis Assoc.* v. *Tarazi Realty Corp.*, 34 A D 2d 754, 755, and cases cited therein.) On this record and in the interest of justice, the plaintiff, upon proof that she has a valid cause of action against the defendant on the assignment and upon submission of a proposed amended complaint, may apply to Special Term for leave to serve an amended complaint. Said application to be made within 30 days after the entry of the order hereon. (See *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133.) Concur — Stevens, P. J., Markewich and McNally, JJ.; Nunez, J., concurs and McGivern, J., dissents in the following memoranda: Nunez, J. (concurring). Appellant seeks reversal on the basis of the assignment dated May 2, 1968. However, whereas the assignment was limited " to the extent of $35,000," plaintiff's complaint asserts a cause of action as beneficiary for $50,000, the face amount of the policy. No reference to the assignment is made in the complaint. I concur with the majority solely on constraint of *Babtkis Assoc.* v. *Tarazi Realty Corp.* (34 A D 2d 754, 755) and cases therein cited. In my view plaintiff is clearly entitled to the lump sum payment of $35,000 upon a proper complaint. Indeed defendant, in a letter to plaintiff's attorney, committed itself to honor the assignment and make payment, conditional only on issuing its check payable jointly to plaintiff and her children, which condition was acceptable to plaintiff. McGivern, J. (dissenting). I would grant partial summary judgment *now* to the plaintiff to the extent of $35,000, as the plaintiff concededly is both beneficiary and assignee of the policy to this extent, and there is no reason, under the modern CPLR (see CPLR 104, 3026), for denying her this relief merely because she sues as a beneficiary. The assignment was the specific basis of the plaintiff's cross motion, and of the plaintiff's application for reargument and reconsideration. It was extensively briefed by both sides, was the subject of affidavits, and its validity repeatedly admitted by both parties. And it was exclusively the subject of the court's opinion, following the motion for reargument. The single case cited by the majority as a bar to giving relief now is not an apt precedent, and does not apply here, when both parties make a complete submission on the issue of the assignment and when the court below considered and disposed of the issue. The *Babtkis Assoc.* case, cited by the majority, and all of the citations therein, relate only to a situation when one party, the defendant, moves to dismiss; but here, both parties move, and both specifically submit on the assignment, the plaintiff making the assignment the basis of relief. Pleading it belatedly would be the merest superfluity, and sending it back to Special Term

for a pleading by the plaintiff would simply cause a repetitive duplication of effort, with no change in the result, as we all agree plaintiff is entitled to the $35,000, based on the assignment, as claimed by the plaintiff, and the optional settlement in respect of the balance. This disposition can be made now, on the merits, as the assignment, unchallenged, and avowedly recognized by the insurance company, together with the written consents of the beneficiaries, is sufficient at law as a revocation of the optional settlement. And since this is the disposition of the majority, we should so hold. The circumlocution of further pleading by the plaintiff, directed by the majority, is an exaltation of form over substance, and a defeat of the modern CPLR, which directs that courts dispose of matters on the merits as the parties themselves submit the issues. "We recognize, however, that on such a motion the court is no longer limited to a consideration of the pleading itself but may consider extrinsic matter submitted by the parties in disposing of the motion. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.43; *Hamilton Printing Co.* v. *Payne Corp.*, 26 A D 2d 876.) *The inquiry is whether the pleader has a cause of action rather than whether he has properly stated one.* (6 Carmody-Wait 2d, New York Practice, § 38:19.) " (*Kelly* v. *Bank of Buffalo*, 32 A D 2d 875; italics supplied.) Or, as was said in *Shea* v. *Esmay* (50 Misc 2d 509, 510–511): "The Supplementary Practice Commentary (1964) of CPLR (McKinney's Cons. Laws of N. Y., Book 7B, 1964 Supp.) states that the purpose of 3211 (subd. [a], par. 7) (as evinced primarily in 3211 [subd. (e)] of the CPLR) is *not merely to determine whether the pleading states a cause of action, but to determine whether the plaintiff in fact has a cause of action ".* (Italics supplied.) The parties herein have chartered their own course by submission of affidavits, bearing upon the merits of each of their contentions, comprising argument upon all of the issues. Having done so, the respective affidavits and the responses thereto should be considered an appropriate substitute for any otherwise requisite pleading; and there is no sound reason for relegating plaintiff to further delay, which would simply be a denial of the mandated right "to secure the just, speedy and inexpensive determination of every civil judicial proceeding" (CPLR 104). Furthermore, defects in a pleading which do not affect a substantial right must be ignored (CPLR 3026). (*H. M. Brown, Inc.* v. *Price*, 38 A D 2d 680.) No prejudice to defendant can follow, for the ultimate result of this litigation is fully ordained on the submission before us now. This disposition avoids further frustration to plaintiff in the pursuit of a valid claim, fully supported on the merits, as clearly indicated by the affidavits and proof. The submission below, including the response on the merits by the defendant, must be deemed a waiver of any defects in form of the earlier pleading. (See *Albermarle Theatre* v. *Bogney Realty Corp.*, 27 A D 2d 172.) Thus, I would reverse and grant partial judgment to the plaintiff in the sum of $35,000.