Arnold Guy Fraiman, J.
This is a motion by plaintiffs for leave to serve a supplemental complaint, pursuant to CPLR 3025 (subd [b]). Plaintiffs’ original complaint alleges that they were libelled by defendants on two television programs broadcast on August 2, 1974 and September 11, 1974. The proposed supplemental complaint sets forth an additional cause of action for libel as a result of a further broadcast by defendants on January 21, 1975. Leave to serve this pleading was sought more than one year after the January, 1975 broadcast. Defendants oppose the motion on the ground that the cause of action asserted in the proposed supplemental complaint is barred by the one-year Statute of Limitations for libel (CPLR 215, subd 3). Plaintiffs rely upon CPLR 203 (subd [e]) in an effort to avoid the effects of the statute. CPLR 203 (subd [e]) provides that a claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed if the original pleading gave notice of the transactions to be proved pursuant to the amended pleading. Plaintiffs argue that the alleged libel published on January 21, 1975 was in part a republication of the earlier libels, of which defendants had notice by virtue of the commencement of this lawsuit, and that the supplemental complaint relates back to the original causes of action, and is therefore not time-barred. Whether a claim asserted in a supplemental complaint as distinguished from an amended complaint comes within the provisions of CPLR 203 (subd [e]) need not be decided here, because the law is clear that with respect to libel actions, despite the provisions of CPLR 203 (subd [e]), each publication gives rise to a separate cause of action which does not relate back to the earlier publication. (Hartmann v Time, Inc., 166 F2d 127, 136, cert den 334 US 838.) In that case, the original complaint set forth an alleged libel published in defendant’s issue of January 17, 1944. *1046 Thereafter, an amended complaint was served alleging a new libel contained in the issue of February 7, 1944. The alleged new libel was almost identical to the original one. Nevertheless, the court held that the latest publication was (p 136) "separate, distinct and apart” from the earlier one, precluding relation back to the earlier issue. Although the Hartmann case is a Federal case which was decided prior to the enactment of CPLR 203 (subd [e]), that section was adapted from rule 15(c) of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix) which were in effect at the time of the Hartmann decision. (See, also, Hartmann v Time Inc., 60 NYS2d 209, affd 271 App Div 781; 35 NY Jur Libel and Slander, § 167.)
Leave to serve the supplemental complaint having been sought more than one year after the broadcast of the alleged libel set forth therein, the cause of action arising from the January 21, 1975 publication is barred by the Statute of Limitations and plaintiffs motion for leave to serve the supplemental complaint is therefore denied.