■ Russell L. Egleston, Respondent, v John J. Kalamarides, Appellant. — Orders unanimously reversed, with costs, motion granted and complaint dismissed. Memorandum: In an action commenced on February 2, 1981 to recover damages for slander, plaintiff's amended complaint alleges that on two separate occasions, November, 1979 and February 9, 1980, defendant spoke defamatory words about him which injured his reputation as a lawyer. Defendant's motion for summary judgment was two pronged: it sought dismissal as time barred of so much of the cause of action based upon the allegedly slanderous statement made by defendant more than one year prior to the commencement of this action (see CPLR 215); and, secondly, it sought dismissal of the entire action on the basis that defendant did not make the statements attributed to him. In support of the latter assertion, defendant submitted his own affidavit and affidavits of the six other persons claimed by plaintiff to have been present when the defendant is said to have made the defamatory comments at a meeting of the Board of Trustees of the Onondaga Yacht Club on February 9, 1980. Of the six, three asserted that they had no recollection of defendant having made the defamatory statements; the others, including David Urban and Ralph Ricketson, swore that defendant had not made such statements. In responding to the motion, plaintiff submitted his own affidavit and those of others associated with his law firm, all intended to demonstrate that Urban and Ricketson made statements to others that defendant had made the allegedly slanderous comments. Plaintiff also produced a transcript of a recorded telephone conversation which he had with Urban in May, 1980. The transcript quotes Urban as confirming that defendant made the slanderous statements. In an examination before trial, however, Urban

testified that he had lied to plaintiff and he reaffirmed that defendant never made defamatory statements about plaintiff. In denying summary judgment, Special Term found that plaintiff had "put the question * * * of these witnesses' credibility before the court" and concluded that the "issue of credibility may not be resolved by summary judgment." We reverse and grant defendant's motion. In an effort to circumvent application of the Statute of Limitations in connection with that part of the cause of action based upon an alleged slander in November, 1979, plaintiff seeks to invoke the republication rule (see *Rinaldi v Viking Penguin,* 52 NY2d 422; *Karaduman v Newsday, Inc.,* 51 NY2d 531). He argues that defendant's remarks on February 9, 1980 constituted a republication of the earlier statement. The republication rule has no application in an action for slander. Each repetition of a slanderous statement gives rise to a separate cause of action (*Rand v New York Times Co.,* 75 AD2d 417) and does not relate back to an earlier publication (*Terry v County of Orleans,* 72 AD2d 925). Beyond that, however, defendant made a prima facie showing that he had not uttered the defamatory statements attributed to him (see *Indig v Finkelstein,* 29 AD2d 851, affd 23 NY2d 728; *Green v Irwin,* 28 AD2d 971). Plaintiff thus came under an obligation to produce evidence "sufficient to require a trial of any issue of fact" (CPLR 3212, subd [b]). It is well settled that "one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or [to] demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form" (*Zuckerman v City of New York,* 49 NY2d 557, 562; see, also, *Ferber v Sterndent Corp.,* 51 NY2d 782; *Bethlehem Steel Corp. v Solow,* 51 NY2d 870). Plaintiff's submission was limited to hearsay. Prior inconsistent statements of a witness have no value as evidence-in-chief and, standing alone, are insufficient to raise a triable issue of fact (Richardson, Evidence [Prince, 10th ed], § 501; 3A Wigmore, Evidence [Chadbourn rev, 1970], § 1018; see *Matter of City of Rochester v BSF Realty,* 59 AD2d 1035, 1036; cf. *Phillips v Kantor & Co.,* 31 NY2d 306; but see Proposed Code of Evidence for State of New York [1980], § 801, subd [d], par [1].) (Appeal from orders of Supreme Court, Onondaga County, Tenney, J. — summary judgment.) Present — Dillon, P. J., Simons, Doerr, Boomer and Schnepp, JJ.