■ MEMORY GARDENS, INC., et al., Respondents, v EMMA T. D'AMICO, Appellant, et al., Defendant. — Appeal from that part of an order of the Supreme Court at Special Term (Graves, J.), entered March 19, 1982 in Albany County, which denied defendant Emma T. D'Amico's motion for summary judgment on the first cause of action set forth in the complaint. Plaintiffs seek damages based upon a conversation with an investigator from the New York State Division of Cemeteries in which defendants stated that unless plaintiffs delivered a deed to cemetery lots purchased by them, they were prepared to make a scathing report concerning plaintiffs to a newspaper reporter. The sole surviving cause of action[1] alleges that the words and message were false and defamatory and were spoken willfully and maliciously with intent to injure and damage plaintiffs and constituted both a tort and the crime of attempted larceny by extortion (plaintiffs' attorney has labeled the action as one for slander).[2] Special Term denied a motion for summary judgment as to Emma D'Amico but granted dismissal as to her husband. Emma D'Amico has appealed. There should be a modification of Special Term's order and a dismissal of the complaint. In support of the motion, defendants offered an affidavit from Clinton Merrow, a senior investigator assigned by the Director of the New York State Division of Cemeteries, who interviewed both plaintiffs and defendants concerning the alleged failure to deliver a deed to cemetery plots to defendants, in an attempt to resolve the dispute. The affidavit unequivocally states that Emma D'Amico told him that she had been interviewed by a newspaper reporter but that she instructed the reporter not to print any story relating to the Memory Gardens, Inc., cemetery and that she did not wish any further publicity relating to the cemetery. Nowhere in the record does it appear that Emma D'Amico disclosed anything to the investigator. or the newspaper reporter concerning the details of a scathing report. It is fundamental that to sustain a claim based upon slander, publication of the defamatory utterances must be proven. Unless evidentiary facts sufficient to raise triable issues are adduced in opposition to a motion to dismiss, summary judgment will be granted (see *Rinaldi v Holt, Rinehart & Winston,* 42 NY2d 369, 384, cert den 434 US 969; *James v Gannett Co.,* 40 NY2d 415). Where the moving party has demonstrated its entitlement to summary judgment, the opposing party must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action, or tender an acceptable excuse for his failure to do so (*Zuckerman v City of New York,* 49 NY2d 557). Defendant having offered proof of lack of publication in the affidavit of the investigator, it became plaintiffs' burden to produce evidentiary facts to defeat the motion (*Graney Dev. Corp. v Taksen,* 62 AD2d 1148, 1149). Plaintiffs must establish the substance of material of sufficient import to create a triable issue (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.12; *Shaw v Time-Life Records,* 38 NY2d 201, 207). To meet this burden, plaintiffs offered only their own affidavits instead of that of either the investigator or newspaper reporter or otherwise, which are insufficient to defeat the motion (*Zuckerman v City of New York, supra,* p 562; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). On a motion for summary judgment, the court will not weigh credibility of affiants (*Capelin Assoc. v Glove Mgf. Corp.,* 34 NY2d 338, 341). It is the rule in

1. The second and third causes of action were previously dismissed by order of Special Term dated July 20, 1981. Defendants subsequently withdrew an appeal taken from this order.

2. The underlying action in this appeal is in addition to another action between the same parties seeking damages for alleged libel in an affidavit made by defendant Emma D'Amico. An appeal from an order of Special Term denying defendant's motion to dismiss the complaint in that action is decided herewith.

New York that the burden upon a party opposing a motion for summary judgment is not met merely by affidavits by a party which contain only a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars (*Indig v Finkelstein*, 23 NY2d 728, 729). Here, plaintiffs' affidavits contain mostly allegations which are hearsay, which do not raise triable issues, and are insufficient to defeat the motion (*Phillips v Kantor & Co.*, 31 NY2d 307). Such statements themselves are hearsay and offer no more than mere hope that they will be able to produce competent evidence upon a trial (*Trails West v Wolff*, 32 NY2d 207, 221). Plaintiffs have clearly failed to sustain their burden and summary judgment dismissing the complaint should have been granted to defendant Emma D'Amico. Order modified, on the law, by reversing so much thereof as denied the motion of defendant Emma T. D'Amico for summary judgment on the first cause of action in the complaint, and motion granted, and, as so modified, affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.