■ ROBERT R. BARBER et al., Respondents, v ROBERT DALY, Appellant.—Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 9, 1992 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this libel and slander action against defendant by service of a summons with notice on May 24, 1991 and served a complaint on August 23, 1991. The complaint sets forth eight causes of action. In the first four causes of action, plaintiffs assert that defendant authored and distributed a libelous document to "individual members" of two citizens' groups, Concerned Citizens for Greenwich and Concerned Citizens for Hudson Falls, at various times during and since the spring of 1990. The allegedly libelous document, attached to the complaint as an exhibit, links plaintiffs Robert R. Barber, Michael J. Serra and North American Recycling Corporation to the "mob" and to drug trafficking. The fifth and sixth causes of action allege two incidents in which defendant slandered plaintiffs by making similar verbal statements. Plaintiffs claim that one incident of slander occurred "[o]n or about December, 1990 * * * within the presence and hearing of Stefanie [sic] Monahan". The other incident allegedly occurred "[o]n or about the summer of 1990 * * * within the presence and hearing of Patricia Vitouski". The remaining two causes of action are derivative claims of the individual plaintiffs' wives.

Issue was joined by the service of an answer on September 12, 1991. At the same time, defendant served discovery demands on plaintiffs. In response to defendant's demand for a verified bill of particulars, plaintiffs stated that the only person present at the time of the alleged slanderous statement to Stephanie Monahan was Monahan, that the only person present at the time of the alleged slanderous statement to Patricia Vitouski was Vitouski, and that publication of the document was made to "unidentified members" of the Concerned Citizens for Greenwich. In response to defendant's demand for a complete list of witnesses to any of the "utterances, publications, occurrences or damages alleged in the complaint", plaintiffs identified Monahan, Vitouski, "unidentified members" of the Concerned Citizens for Greenwich and Bob Stevens.

On November 26, 1991, less than two weeks after receiving plaintiffs' responses to his discovery demands, defendant moved for summary judgment on each of the eight causes of action set forth in plaintiffs' complaint. In support of this motion, defendant submitted an affidavit in which he denied publication of the document to any member of the two citizens' groups, as alleged in plaintiffs' first four causes of action. Defendant also denied ever having made the slanderous statements to Monahan and Vitouski, as alleged in the fifth and sixth causes of action. Affidavits were also submitted by the two citizens' groups, in which each and every member denied receiving the document from defendant or from anyone else, and asserted that they had never seen the document before this action. In addition, Monahan and Vitouski submitted affidavits in which they stated that they had never heard defendant make the slanderous statements alleged in the complaint and that they had never told anyone, including plaintiffs, that such statements were made by defendant. Defendant did not produce an affidavit from or any evidence concerning Stevens, an individual not mentioned in plaintiffs' complaint but identified as a witness in response to discovery demands.

In opposition to defendant's motion for summary judgment, Barber submitted an affidavit stating that defendant gave a copy of the libelous document and made slanderous statements to Stevens, that it defies common sense to believe that defendant did not give the document to the citizens' group, and that both Monahan and Vitouski had "personally told" Barber of defendant's slanderous remarks. Plaintiffs' attorney, in his affidavit, questioned the sufficiency of defendant's affidavits for their failure to deny authorship or distribution of the document to other third parties and argued that summary judgment should be denied because plaintiffs had not been given an opportunity to conduct discovery. Supreme Court denied defendant's motion for summary judgment without opinion. This appeal ensued.

We begin with a brief review of relevant principles from the law of defamation. A cause of action for libel or slander requires publication of the defamatory matter *(see, Youmans v Smith,* 153 NY 214, 218; *Memory Gardens v D'Amico,* 91 AD2d 1159; *Segel v Barnett,* 34 Misc 2d 591, 593). "In the law of defamation, publication is a term of art" *(Ostrowe v Lee,* 256 NY 36, 38). A libelous writing is published when it is read by a person other than the author and the one defamed *(see,*

*Ostrowe v Lee, supra; Youmans v Smith, supra).* Similarly, a slanderous statement is published and therefore actionable when it is heard by some third party *(see, Stafford v Bickford,* 159 AD2d 456, 457, *lv dismissed* 76 NY2d 825; *Memory Gardens v D'Amico, supra; Segel v Barnett, supra).* Furthermore, every distinct publication of a libelous writing or slanderous statement gives rise to a separate cause of action *(see, Cook v Conners,* 215 NY 175, 179; *Woods v Pangburn,* 75 NY 495, 499; *Rand v New York Times Co.,* 75 AD2d 417, 424).

The standards for determining a motion for summary judgment are well settled but worth repeating. "To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment' in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' (CPLR 3212, subd [b]). Normally if the opponent is to succeed in defeating a summary judgment motion he, too, must make his showing by producing evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068).

In this case, as to the four libel causes of action alleged in plaintiffs' complaint, we conclude that Supreme Court erred in denying defendant's motion for summary judgment. Defendant, through the submission of his own affidavit and that of every member of the two citizens' groups, made a prima facie showing that the document was not published by him to the citizens' groups *(see, Memory Gardens v D'Amico, supra; Indig v Finkelstein,* 29 AD2d 851, *affd* 23 NY2d 728; *Green v Irwin,* 28 AD2d 971). In opposition to this motion, plaintiffs failed to produce any evidence of publication of the document to the citizens' groups. Plaintiffs' conclusory assertion that the document was published to those two groups is insufficient to defeat defendant's motion *(see, Indig v Finkelstein, supra; Green v Irwin, supra).* As to the fifth and sixth causes of action for slander, defendant produced evidence that the alleged statements were not made by him to Monahan or Vitouski. In doing so, defendant met his burden of establishing lack of publication *(see, Egleston v Kalamarides,* 89 AD2d 777, 778, *mod on other grounds* 58 NY2d 682; *Indig v Finkelstein, supra; Green v Irwin, supra).* Barber's assertion that both Monahan and Vitouski "personally told" him of slander-

ous statements made by defendant is mere hearsay and insufficient to raise a triable issue of fact *(see, Egleston v Kalamarides, supra)*. Accordingly, we conclude that Supreme Court erred in denying defendant's motion for summary judgment.[*]

We note that the documents and affidavits submitted in this action indicate that plaintiffs may possibly have a cause of action against defendant based on publication of the defamatory matter to Stevens, and while plaintiffs may not defeat a motion for summary judgment on the ground that they have a cause of action not alleged in the complaint *(see, Lefft v Canada Life Assur. Co.,* 40 AD2d 641, 642; *Babtkis Assocs. v Tarazi Realty Corp.,* 34 AD2d 754, 755), in the interest of justice we will permit plaintiffs, upon proof that they have a valid cause of action against defendant based on publication of the defamatory matter to Stevens and upon submission of a proposed amended complaint, to apply to Supreme Court for leave to serve an amended complaint. Such application is to be made within 30 days after the date of this court's decision.

Weiss, P. J., Mikoll, Yesawich Jr. and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed, without prejudice to plaintiffs seeking leave to serve an amended complaint within 30 days of the date of this court's decision.

---

[*] Our determination of the first six causes of action necessarily requires dismissal of the seventh and eighth causes of action, which are derivative claims of the individual plaintiffs' wives.