■ KARL AUDENAERE, Respondent, v J. DAVID NIGHTINGALE, Appellant. [605 NYS2d 480] —Mikoll, J. Appeal from that part of an order of the Supreme Court (Canfield, J.), entered July 2, 1992 in Ulster County, which denied defendant's motion for summary judgment dismissing the amended complaint.

This libel action was commenced by service of a summons with notice filed on April 30, 1990 with the Ulster County Sheriff pursuant to CPLR 203 (b) (5). Plaintiff thereafter alleged in his amended verified complaint that defendant maliciously composed, typed and published a letter on or about March 15, 1990 containing false and defamatory matter concerning plaintiff in his profession as an engineer and educator. Plaintiff was then chairperson of the Electrical Engineering Department of the State University of New York at New Paltz. The complaint also alleges that the defamatory letter was circulated by defendant to Jaimee Uhlenbrock and others. Attached to the complaint was a copy of the letter apparently signed by defendant with portions thereof, not claimed to be defamatory, redacted. Plaintiff claims that he was thereby damaged in the sum of $500,000 and demands $350,000 actual damages and $150,000 as exemplary damages.

The copy of the letter that was attached to the complaint contains the following heading and reference:

"To: Prof. Jaimee Uhlenbrock, Chair, Tenure and Reappointment Committee.

"From: David Nightingale, Professor of Physics, WSB 126

"Date: 3/15/90

"re: Asst. Prof. ALI EYDGAHI."

Defendant, in a verified answer, set forth as a first defense that "[t]he letter attached to the amended verified complaint and alleged to be defamatory of the plaintiff was not circulated by defendant to Jaimee Uhlenbrock or members of the Tenure and Reappointment Committee". In a later affidavit defendant repeated this denial. In her own affidavit submitted in support of a motion by defendant for summary judgment dismissing the complaint, Uhlenbrock recounted that, upon reading the letter attached to the amended complaint, it "was

not circulated to me by [defendant] as Chair of the Tenure and Reappointment Committee or in any other capacity".

Defendant's motion for summary judgment is based on his affidavit and Uhlenbrock's affidavit, both of which deny that defendant circulated the letter. He therefore claims that there was no publication of the defamatory letter to the only person mentioned in the amended complaint. Plaintiff responded by an affirmation from Jack Weiner, his attorney, which stated that no discovery had yet been conducted, but at an examination before trial on November 15, 1991, defendant claimed that the letter attached to the amended complaint was not the letter he sent to Uhlenbrock, but was only a proposed draft of the letter that was actually sent. When Weiner attempted to ask defendant questions regarding any differences between the two letters, defendant's counsel would not let defendant answer. After this examination before trial, plaintiff sent a notice to produce a true copy of the letter that defendant sent to Uhlenbrock. It was at this point that defendant, instead of complying with the notice to produce, moved for summary judgment. Weiner's affirmation contained a copy of the letter that was purportedly sent by defendant to Uhlenbrock. A comparison of the two letters reveals that this letter apparently sent to Uhlenbrock omits only the following single sentence: "One student, in a state of desperation because the chair had made snide suggestions that she give up engineering and 'go get drunk in a bar' was admitted to the Counselling Center." Weiner's affirmation finally urged that defendant's motion be denied as premature.

Supreme Court denied defendant's motion for summary judgment upon finding that plaintiff demonstrated an unavoidable ignorance of the facts. The court concluded that summary judgment should not be granted where there are material facts within the knowledge and control of the movant which may be revealed through pretrial disclosure proceedings. Because Supreme Court did not abuse its discretion in denying defendant's motion for summary judgment, its order should be affirmed.

Weiner's affirmation indicates that there is a question of fact as to whether the letter that was pleaded as being sent to Uhlenbrock by defendant is substantially the same as the one that defendant admitted to Weiner at the examination before trial that he sent to her. In view of defendant's admission, the limited scope of the denials by defendant and Uhlenbrock, and defendant's refusal to give testimony and disclosure to which plaintiff is entitled and which is material, the motion for

summary judgment by defendant was properly found to be premature and plaintiff should be afforded an opportunity to complete discovery *(see, Terranova v Emil,* 20 NY2d 493, 497; *Ottinger v Dempsey,* 122 AD2d 125, 127, *appeal dismissed* 69 NY2d 822). Defendant's reliance on *Barber v Daly* (185 AD2d 567) for reversal of the order denying summary judgment is misplaced. In *Barber,* there had already been material discovery and there was definite proof of the nonpublication of the defamatory material. Here, the denial of publication of the letter appears to be semantic and not substantive, as defendant does not deny that he circulated the contents of the letter, only the letter itself.

Weiss, P. J., Yesawich Jr., Crew III and Cardona, JJ., concur. Ordered that the order is affirmed, with costs.