■ FIRST AMERICAN BANK OF NEW YORK, Respondent, v BUILDERS FUNDING CORPORATION et al., Defendants, and FRANK E. HIMES, III, Appellant. [607 NYS2d 460] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Conway, J.), entered May 4, 1993 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant Frank E. Himes, III.

Plaintiff brought this action to recover on a note made by defendant Builders Funding Corporation (hereinafter the corporation) and on guarantees of payment executed by various defendants, including one signed by defendant Frank E. Himes, III. At issue is the propriety of Supreme Court's determination granting summary judgment against Himes and the denial of the latter's motion to compel discovery. Himes appeals.

The underlying facts are as follows. Himes, who at the time was president of the corporation, signed an "irrevocable and continuing" guarantee of corporate debt on August 1, 1988; in his capacity as corporation president, Himes also signed a "credit facility note" opening a $100,000 credit line on behalf of the corporation on August 26, 1988. By September 8, 1988 the entire $100,000 had been advanced to the corporation. Approximately two weeks later, Himes resigned as president.

Interest payments were made but the full principal of the loan, which was payable on plaintiff's demand, remained outstanding until May 10, 1991, when plaintiff demanded that it either be paid in full or that monthly principal payments be

commenced. The corporation elected the latter option, but defaulted after several payments. In September 1992, plaintiff demanded payment in full of the approximately $54,000 which remained outstanding; the guarantors were also notified of this demand. When payment was not forthcoming, plaintiff instituted this action. Since that time several of the guarantors have made partial payments, reducing the principal still due to $27,580.80.

Himes does not deny signing the note and guarantee or that $100,000 was disbursed to the corporation. Neither does he deny that the corporation has defaulted on its obligation, nor that the amount noted remains unpaid. Rather, in an attempt to raise an issue of fact, Himes asserts that the note and guarantee have been altered since he left the corporation, that the corporation itself has been changed to such an extent that it is not the same entity whose debts he guaranteed, and that there was no consideration for the guarantee. However, a reading of Himes' submissions, together with the terms of the guarantee itself, reveals no specific factual allegation which would, if proven, provide a defense to plaintiff's claim; nor has he demonstrated that the discovery he seeks is anything more than a "fishing expedition".

Although Himes claims that the note and guarantee were modified, he does not specify what changes were made, nor does he claim that the alterations—if there were any—were fraudulent (see, UCC 3-407), or that plaintiff's assignee, Key Bank, is other than a holder in due course. Nor does the fact that plaintiff allowed the corporation to undertake to repay the debt in monthly installments, rather than in a lump sum, constitute a change in the terms of the note, for it is undisputed that plaintiff retained the right to demand payment in full at any time in accordance with the note's original terms (see, Bier Pension Plan Trust v Estate of Schneierson, 74 NY2d 312, 316). Most importantly, however, the guarantee itself expressly declares that Himes' obligation shall not be affected by "any action by the Bank to amend, extend, renew, adjust, waive or release any of the Liabilities" underlying it; thus, Himes' allegations, even if true, would not affect the outcome of the action (see, American Bank & Trust Co. v Koplik, 87 AD2d 351, 353-354). By the terms of the guarantee, Himes also waived the right to assert, as a defense to his obligation to pay, any other change in circumstances which would ordinarily serve to discharge a surety or guarantor, including the alleged change in corporate structure or management. Moreover, Himes has produced no evidence of any alteration in

corporate structure or identity, other than changes in officers and the appointment of a management committee to oversee the daily operations, to support his conclusory charge that the corporation was "restructured".

Equally meritless is Himes' claim of lack of consideration. He does not deny plaintiff's averments that the guarantee was required as a condition of the extension of credit, and that $100,000 was indeed disbursed in reliance thereon. It is settled law that a guarantee executed in exchange for, and as a condition of, a promise to advance funds to a third party in the future, coupled with an actual advance at a later date, is supported by ample consideration (see, Columbus Trust Co. v Campolo, 110 AD2d 616, 617-618, affd 66 NY2d 701, quoting Sun Oil Co. v Heller, 248 NY 28, 32-33).

And, inasmuch as the information Himes seeks to obtain through discovery could not have provided a defense to plaintiff's attempt to recover on the guarantee, Supreme Court did not abuse its discretion when it denied Himes' motion to compel discovery or to sanction plaintiff for failing to comply with his disclosure demands (see, Citibank v Furlong, 81 AD2d 803, 804).

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.