Mark PRUISS and Donna Pruiss, Plaintiffs,

v.

Sherri BOSSE and Ray Bosse, Defendants.

No. 95 Civ. 6935 (BDP).

United States District Court, S.D. New York.

Jan. 29, 1996.

Allan Kuslansky, Cornwall-on-Hudson, NY, for Plaintiff.

Frank Zeccola, Levinson, Zeccola, Reineke & Ornstein, P.C., Central Valley, NY, for Defendant Sherri Bosse.

Neil Corwin, Assistant U.S. Attorney, New York City, for the U.S. Government.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This is a motion by plaintiffs, Mark Pruiss and Donna Pruiss, to amend their complaint pursuant to Fed.R.Civ.P. 15.

### BACKGROUND

The Pruisses filed this action on March 8, 1995 in New York State Supreme Court in Orange County New York, charging that Sherri Bosse and Ray Bosse made several defamatory statements about Mark Pruiss. The original complaint alleges that in August 1994, the West Point Swim Club, a private organization, was considering whether to renew Mark Pruiss's contract as a coach at the same time it was considering offering that position to Sherri Bosse. According to the complaint, when discussing whether she could work with Mark Pruiss, Sherri Bosse told Lieutenant Colonel Tom Dulla ("Dulla") that Mark Pruiss had had sexual encounters with young girls. The original complaint also alleges that in May 1994, Ray Bosse, the head swim coach at the United States Military Academy made similar statements to Colonel Albert Vanderbush ("Vanderbush"), Ray Bosse's supervisor.

On May 1, 1995, The United States Attorney for the Southern District of New York, Mary Jo White, certified pursuant to 28 U.S.C. § 2679(d), that Ray Bosse was acting in the scope of his employment as an employee of the United States at the time he allegedly defamed Mark Pruiss to Vanderbush. Consequently, the action was deemed to have been brought against the United States, and the United States was substituted as a party defendant for Ray Bosse. On August 24, 1995, the United States removed this action to this Court pursuant to 28 U.S.C. § 2679(d)(2).

Pending before the Court, but not the subject of this decision, is the Government's motion to dismiss plaintiff's defamation claim arising from Ray Bosse's statements to Vanderbush on the ground that the United States has not waived its sovereign immunity with respect to defamation actions. See 28 U.S.C. § 2680(h). The Pruisses opposed this motion, challenging the propriety of the United States Attorney's certification. Additionally, the Pruisses have requested that the Court adjourn decision on that motion to afford them the opportunity to move to amend their complaint. On January 19, 1996, they filed this motion. The proposed amended complaint adds a new claim of defamation against Ray Bosse, alleging that, prior to August 3, 1994, he also made statements to Dulla about Mark Pruiss's sexual encounters with young girls.

### DISCUSSION

■ The Pruisses moved to serve the amended complaint more than one year after Ray Bosse allegedly made the statements to Dulla. The government opposes the motion on the ground that the claim asserted is barred by the one year statute of limitations on defamation. See N.Y.C.P.L.R. § 215(3) (McKinney 1990 and Supp.). Plaintiffs contend that the additional defamation claim is timely pursuant to Fed.R.Civ.P. 15(c) which deems an amendment asserting a claim which "arose out of the conduct, transaction or occurrence attempted to be set forth in

the original pleading" to relate back to the original pleading. We disagree.

 First, we note that under New York law, "every distinct publication of a libelous writing or slanderous statement gives rise to a separate cause of action." *Barber v. Daly,* 185 A.D.2d 567, 586 N.Y.S.2d 398, 400 (3d Dept.1992); see also 43A N.Y.Jur.2d 78; Restatement (Second) of Torts § 577A cmt. a (1977).

Since the question of relation back of amendments, however, is properly a matter of procedure, we also analyze plaintiffs' application under the federal rule. See *Contemporary Mission Inc. v. the New York Times Company,* 665 F.Supp. 248 (1987), *aff'd,* 842 F.2d 612 (1988). The main inquiry under Fed.R.Civ.P. 15(c) is whether adequate notice has been given to the opposing party "by the general fact situation alleged in the original pleading." *Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir.1973), *cert. denied,* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973). See also *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986) (linchpin is notice within limitations period). An amendment will not relate back if it sets forth a new set of operational facts; it can only make more specific what has already been alleged. See *Holdridge v. Heyer–Schulte Corp. of Santa Barbara,* 440 F.Supp. 1088, 1093 (N.D.N.Y.1977).

Here, plaintiffs set forth in their proposed amended complaint new instances of defamation. While the content of the defamatory statement in the proposed amended complaint is the same as the content of the statements in the original complaint, the new claim names a new party as well as new dates. See *Rickman v. Cone Mills Corporation,* 129 F.R.D. 181, 186 (D.Kan.1989); *Municipal Training Center v. National Broadcasting Corp.,* 87 Misc.2d 1044, 387 N.Y.S.2d 40, 41 (Sup.Ct.1976); compare *Contemporary Mission Inc.,* 665 F.Supp. at 256 (one publication of several similar libelous statements found to be a single transaction for amendment purposes). Allowing these claims to relate back would, in effect, allow the plaintiff to circumvent the statute of limitations, a result proscribed by Fed.R.Civ.P. 15(c).

## CONCLUSION

For the reasons set forth above, Plaintiffs Mark and Donna Pruiss's motion to amend is denied.

SO ORDERED.