■ ALLAN U. SOBOL, Doing Business as ALLAN SOBOL REALTY, Appellant, v ANNE PORTER et al., Respondents. [638 NYS2d 995] —Cardona, P. J.

Plaintiff commenced this action for slander alleging three causes of action. The first cause of action alleges that defendant Anne Porter, a realtor, slandered plaintiff, also a realtor, by making a verbal statement in August 1993 to Walter Barton. Plaintiff claimed that Porter told Barton that plaintiff was "known for forging documents, and changing contracts [and that plaintiff had] a very bad reputation among other Realtors". She also allegedly told Barton that defendant Clinton County Board of Realtors, Inc. (hereinafter the Board) was "actively trying to have [plaintiff's] license revoked". The second cause of action alleged another incident in August 1993 in which defendant Richard Cronin, another realtor, slandered plaintiff by making similar verbal statements to Barton. The third cause of action alleged, *inter alia*, that Porter and Cronin

were acting within the scope of their duties as members of the Board when they made their statements. According to the complaint, Porter, while harboring ill will toward plaintiff, contacted Barton and induced him to file a grievance against plaintiff with the Board and that the Board intentionally and with malice authorized Porter's actions.

Defendants answered and plaintiff served discovery demands on defendants. Defendants moved for a protective order and plaintiff cross-moved to compel compliance. Defendants then moved for summary judgment. Supreme Court held the motions in abeyance pending Barton's pretrial deposition. Thereafter, the court granted summary judgment to defendants and denied the remaining motions as moot. Plaintiff appeals.

In support of their motion for summary judgment, defendants submitted affidavits from both Cronin and Porter denying that they made the alleged statements. They also submitted an affidavit by Barton, as well as his deposition testimony, both of which deny that Porter or Cronin made the alleged statements to him. In opposition to the motion, plaintiff submitted an affidavit as well as the affidavits of three persons who claim that, in a separate court proceeding, Barton stated that the allegedly slanderous comments had been made to him by Porter and Cronin. In our view, summary judgment should not have been granted to defendants.

To support a cause of action for slander, there must be a publication of the defamatory statement and this occurs when the statement is heard by a third party (*see, Barber v Daly*, 185 AD2d 567). Here, defendants made a prima facie showing that Porter and Cronin did not make the statements attributed to them and, therefore, met their burden of establishing a lack of publication (*see, supra*; *Egleston v Kalamarides*, 89 AD2d 777, *mod on other grounds* 58 NY2d 682). Plaintiff was then required to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]) and to make his showing by submitting evidentiary proof in admissible form (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068).

Here, the affidavits of plaintiff's three witnesses were hearsay (*see, Barber v Daly, supra*). Nevertheless, the prior inconsistent statements made by Barton were allegedly made in court as sworn testimony. Under these circumstances, such statements could be considered as evidence-in-chief (*see, Campbell v City of Elmira*, 198 AD2d 736, *affd* 84 NY2d 505; *see also, Letendre v Hartford Acc. & Indem. Co.*, 21 NY2d 518; *cf., Barber v Daly, supra*). This would put the question of Barton's credibility before Supreme Court which, in our view, raises an

issue that cannot be resolved by summary judgment. In addition, although plaintiff did not produce the sworn testimony, he sought permission from the court to subpoena the transcripts of the prior court matter; such permission was denied. In our view, the request should have been granted. Depending on what the transcripts reveal concerning prior inconsistent statements by Barton, the determination of the motion for summary judgment by Supreme Court may be different.

Nevertheless, while plaintiff also alleged that Cronin and Porter made other slanderous and defamatory comments to other persons, the only specifically alleged publication was to Barton. Supreme Court did not err in refusing to permit further discovery for other possible incidents of publication of defamatory statements on the grounds that it would be "condoning mere speculation and conjecture" by plaintiff (*see, Williams v Village of Endicott*, 202 AD2d 885; *First Am. Bank v Builders Funding Corp.*, 200 AD2d 946).

Mikoll, White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment and denied plaintiff's motion to serve subpoenas for production of court recordings; defendants' motion denied and plaintiff's motion granted; and, as so modified, affirmed.