■ BIRA RABUSHKA et al., Respondents, v E. KENNETH MARKS et al., Appellants. [685 NYS2d 71] —In an action to recover damages for slander, the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 24, 1997, which denied their motion for summary judgment dismissing the amended complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendants' motion which were for summary judgment (a) dismissing the causes of action based on the allegations contained in paragraph 21 of the amended complaint and dismissing the amended complaint insofar as asserted against the defendants E. Kenneth Marks and Leonard Levine and (b) dismissing so much of the cause of action against the defendant Vicki Storms as is based on paragraph 20 of the amended complaint, and substituting therefor provisions granting those branches of the motion, dismissing the amended complaint insofar as asserted against the defendants Marks and Levine, and dismissing so much of the cause of action against the defendant Vicki Storms as is based upon paragraph 20 thereof; as so modified, the order is affirmed, with costs to the appellants, and the remaining action against the defendant Vicki Storms is severed.

It is well settled that for a cause of action alleging slander to be viable, the law requires publication of the allegedly defamatory matter (*Barber v Daly,* 185 AD2d 567; *Memory Gardens v D'Amico,* 91 AD2d 1159). "[A] slanderous statement is published and therefore actionable when it is heard by some third party" (*Barber v Daly, supra,* at 569). In moving for summary judgment, the defendants made a prima facie showing of entitlement to summary judgment dismissing so much of the cause of action against the defendant Vicki Storms as is based on paragraph 20 of the amended complaint by submitting affidavits from the two individuals who, according to paragraph 20, allegedly heard the defendant Storms state that the plaintiffs had "embezzled" funds belonging to the Northern Westchester Center for the Arts (hereinafter NWCA). One affiant affirmed that she had "no recollection whatsoever" of Storms making the statement and the other affirmed that "at no time" did Storms make the statement (*see, Barber v Daly, supra,* at 569; *Memory Gardens v D'Amico, supra*; *Egleston v Kalamarides,* 89 AD2d 777, *mod* 58 NY2d 682). In opposition, the plaintiffs failed to come forward with proof of publication. Their own affidavits are insufficient to defeat this aspect of the motion (*see, Memory Gardens v D'Amico, supra*). Therefore, Storms is entitled to dismissal, as a matter of law, of so much of the cause of action against her as is based on paragraph 20 of the amended complaint.

For the same reason, the defendants E. Kenneth Marks and Leonard Levine are entitled to summary judgment dismissing the causes of action based on that portion of paragraph 21 of

the amended complaint which alleges that, on December 2, 1994, those defendants "advised one Alfred B. Del Bello that Plaintiffs had 'embezzled' NWCA funds and committed a 'fraud' with respect to the NWCA". To the extent that paragraph 21 also alleges that Levine advised to the effect that even if it were embezzlement, "we're not going to put you in jail", that statement was not pleaded in accordance with CPLR 3016 (a). Accordingly, the defendants Marks and Levine are entitled to summary judgment dismissing the amended complaint insofar as asserted against them.

The defendants' remaining contentions are without merit. Ritter, J. P., Thompson, Pizzuto and McGinity, JJ., concur.