17-2651-cv
Robert Goldman v. Stephen Barrett

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.
         DENNIS JACOBS,
                    Circuit Judges,
         KATHERINE B. FORREST,*
                    District Judge.

- - - - - - - - - - - - - - - - - - - -X

Dr. Robert M. Goldman, Dr. Ronald Klatz,

      Plaintiffs-Appellants,

      -v.-                                    17-2651-cv

Dr. Stephen J. Barrett, Quackwatch, Inc.,

      Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:              Wesley J. Paul, Paul Law group
                             LLP, New York, NY.

---

* Judge Katherine B. Forrest of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLEES:**  Charles A. Michael, Stepoe & Johnson LLP (Michael A. Keough, <u>on the brief</u>), New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Gardephe, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that that the judgment of the district court is **AFFIRMED.**

Drs. Robert Goldman and Ronald Klatz appeal from the judgment of the United States District Court for the Southern District of New York, which dismissed their Amended Complaint alleging defamation and tortious interference with prospective economic advantage. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiffs are self-styled "anti-aging" specialists who practice in Illinois and hold medical degrees from a school in Belize. Defendant Dr. Barrett, a retired psychiatrist, owns and operates the website www.quackwatch.org, which he created to identify and distribute information about persons who (in his view) employ questionable medical techniques. In December 2000, an article appeared on quackwatch.org describing a settlement agreement reached between Plaintiffs and the State of Illinois Department of Professional Regulation. Per the article, each Plaintiff agreed by consent order to pay a $5,000 penalty and to "immediately Cease and Desist from identifying himself, in the State of Illinois, as an M.D.," since their degrees (Central American M.D.s and osteopathic medicine degrees awarded in the United States) did not qualify them to display that credential. Supp. App'x at 23.

In November 2015, Plaintiffs sued Barrett for defamation and tortious interference with prospective economic advantage (the "Complaint"), claiming that the Defendants' publication and promotion of the article harmed their business by creating a negative association between the Plaintiffs and fake or discredited medicine. The

2

district court dismissed the Complaint without prejudice, concluding that Plaintiffs failed to "allege that any statement made in the Article constitutes a false statement of fact." App'x at 32.

Plaintiffs' amended complaint, filed in October 2016, added new allegations, including that Dr. Barrett had maligned the plaintiffs in phone conversations with their potential business partners in China and Malaysia as recently as April 2015. The district court concluded that the revised defamation claim was time-barred, and that the new allegations in the amended complaint did not relate back to the facts set out in the Complaint. It also determined that the tortious interference claims were duplicative of the defamation claim. Plaintiffs appeal only the dismissal of the amended complaint. We review *de novo* the district court's grant of a motion to dismiss. Carpenters Pension Trust Fund of St. Louis v. Barclays PLC, 750 F.3d 227, 232 (2d Cir. 2014).

The amended complaint, filed in October 2016, alleged defamatory statements from April 2015, and is therefore presumptively barred by New York's one-year statute of limitations. See N.Y. C.P.L.R. 215(3). Plaintiffs contend that the new allegations relate back pursuant to Federal Rule of Civil Procedure 15. "An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out" in the original pleading. Fed. R. Civ. P. 15(c). To relate back, an amendment must concern "the general fact situation alleged in the original pleading." Rosenberg v. Martin, 478 F.2d 520, 526 (2d Cir. 1973). "[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an 'entirely distinct set' of factual allegations will not relate back." Slayton v. Am. Express Co., 460 F.3d 215, 228 (2d Cir. 2006) (quoting Nettis v. Levitt, 241 F.3d 186, 193 (2d Cir. 2001)); see, e.g., Pruiss v. Bosse, 912 F. Supp. 104, 106 (S.D.N.Y. 1996) ("An amendment will not relate back if it sets forth a new set of operational facts; it can only make more specific what has already been alleged.").

3

The allegations in the amended complaint are factually distinct from the transactions and occurrences detailed in the November 2015 Complaint, which did not mention or reference any conversations between Dr. Barrett and Chinese or Malaysian officials.  That those alleged conversations derived from or relate in some sense to the December 2000 article is insufficient to satisfy Rule 15.  See App'x at 74-75 (quoting from plaintiffs' submissions claiming the article served as a "catalyst" for the newly pled allegations); see also Slayton, 460 F.3d at 228.  These later events were separate transactions of a distinct character notwithstanding their connection to the allegations in the original complaint.  A defendant reading the November 2015 Complaint would not have been put on notice of the specifics or even the nature of the newly alleged defamatory conduct, which occurred a decade and a half later and involved different parties.  See Rosenberg, 478 F.2d at 526.

Plaintiffs respond that the amended complaint merely provides greater specificity as to how Defendants interfered with business opportunities.  This argument mistakes the function of relation back under Rule 15: the amended complaint alleges new defamatory statements that do not bear upon--much less "specify"--the content of the article or any of the other issues animating the underlying Complaint, such as search engine optimization techniques.[2]

Plaintiffs also argue that the district court erred in concluding that the claim of tortious interference with prospective economic advantage was duplicative of the defamation claim.

"New York law considers claims sounding in tort to be defamation claims ... where 'the entire injury complained of by plaintiff flows from the effect on his reputation.'"

---

[2] Plaintiffs also suggest that the new allegations in the FAC refer only to the amount of damages, and that the core defamatory conduct remains the content of the December 2000 article.  Plaintiffs did not appeal the dismissal of the Complaint for failure to allege a false statement, and we decline to rule on issues that are not properly before us on appeal.  App'x at 35-37.

4

Jain v. Sec. Indus. & Fin. Mkts Ass'n, No. 08 Civ. 6463(DAB), 2009 WL 3166684, *9 (S.D.N.Y. Sep. 28, 2009) (citing Balderman v. Am. Broad. Cos., 292 A.D.2d 67, 76 (4th Dep't 2002)); see also Goldberg v. Sitomar, Sitomar & Proges, 482 N.Y.S.2d 268 (N.Y. 1984)). New York courts treat harm stemming from injury to reputation as sounding in defamation, and do not recognize separate torts as additional causes of action. See Morrison v. Nat'l Broad. Co., 280 N.Y.S.2d 641, 644 (N.Y. 1967); see, e.g., Krepps v. Reiner, 588 F. Supp. 2d 471, 485 (S.D.N.Y. 2008)("[A] [p]laintiff is not permitted to dress up a defamation claim as a claim for intentional interference with a prospective economic advantage."); Pasqualini v. MortgageIT, Inc., 498 F. Supp. 2d 659, 669-70 (S.D.N.Y. 2007) ("New York Courts have consistently ruled that a claim which is ostensibly based upon the intentional torts of interference with advantageous or contractual relations, but which alleges injury to reputation, is a disguised defamation claim....")(internal quotation marks omitted)).

Plaintiffs argue that the Defendants' purported intention to damage their business operations in Asia can support a stand-alone claim because the alleged activities are distinct from, and more extensive than, harm to reputation. This argument is meritless. These converging claims are premised on identical underlying factual content: Barrett's alleged statements to Plaintiffs' potential business partners impugning the quality of their practice, integrity, and legality are what is alleged to have harmed their reputation and to have interfered with prospective economic advantage. Even if the Defendants possessed more than one intention, Plaintiffs have not alleged an independent source of harm. See Lesesne v. Brimecome, 918 F. Supp. 2d 221, 225 (S.D.N.Y. 2013) (collecting "cases in which courts have found that claims brought under the guise of other causes of action actually sound in defamation, even if the plaintiff alleged economic harm" from other transactions). The tortious interference claim was therefore properly dismissed as duplicative of the defamation claim because any economic damages derive from defamatory statements. See Noel v. Interboro Mut. Indem. Ins. Co., 31 A.D.2d 54, 55-56 (1st Dep't 1968).

Lastly, Plaintiffs concede that their "conspiracy claim cannot stand alone."  Appellants' Br. at 21.  Since we affirm the dismissal of the substantive tortious interference claim, the conspiracy claim falls with it. See Kirch v. Liberty Media Corp., 449 F.3d 388, 400-401 (2d Cir. 2006).

For the foregoing reasons, and finding no merit in the Plaintiffs' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK